S. S. BROWN *v.* T. S. OWEN, COUNTY SUPERINTENDENT OF EDUCATION.

1. SCHOOLS. *Mandamus. Code* 1892, § 2846. *School-teacher's license. Damages.*

A public school-teacher, duly licensed to teach under the school laws, has a valuable right, the loss of which cannot be compensated in damages, and for the protection of which he is entitled to a mandamus. Code 1892, § 2846, does not deny such remedy.

2. SAME. *Code* 1892, § 3986. *Superintendent's power.*

While, under code 1892, § 3986, the county superintendent of education may, in certain cases, suspend or remove a teacher from office, yet such special power can be exercised only for the causes named in the statute, and in the manner therein prescribed.

3. SAME. *Teacher's license. How rights terminated. Code* 1892, § 3986.

So long as a public school-teacher holds a license to teach, he is possessed of a right that cannot be denied him, and of which he cannot be divested, except upon the grounds mentioned in the statute, code 1892, § 3986. In an inquiry to that end, he must be proceeded against upon written specific charges, after due notice and by a fair trial.

4. STATUTES. *Special power.*

Whenever a new or special power is given by legislation, it must appear upon the face of proceedings thereunder that the statute granting the power has been strictly pursued, otherwise the proceedings will be void.

FROM the circuit court of Bolivar county.

HON. F. A. MONTGOMERY, Judge.

The opinion states the case.

*N. B. Scott* and *O. G. McGuire*, for appellant.

A teacher's good moral character is presumed when he holds a first-grade license. Proof of such character was required before issuance of license. Code 1892, § 4021.

This is not a suit for damages, but for mandamus; but the court judicially knows that the lowest first-grade salary is $25 per month, and the constitutional school term is four months, showing a damage of at least $100.

A plain, adequate, and speedy remedy in the ordinary course of law does not mean an appeal to the state board of education. The term "ordinary course of law," as used in § 2846, code 1892, means our law, derived from the English common law, and not a mere statutory proceeding.

Section 3985, annotated code, is not mandatory as to appeal to state board. The appeal "may be taken." If taken, and decision should be rendered adversely to appellant, he might be absolutely barred from proceeding in any court of law whatever under § 3965, annotated code. If the state board decided in favor of appellant, he would even then be forced to a mandamus proceeding, as there is no provision in law for the enforcement by the state board of its orders. If the appellant must first try the state board, and then mandamus, this would prove the appeal to the state board not to be a plain, adequate, and speedy remedy in the ordinary course of law. *Doss* v. *Wiley*, 16 So. Rep., 902; *Effingham* v. *Hamilton*, 68 Miss., 523.

Section 2846, code, fully authorized this suit. "Any private person who is interested," may bring suit, and it is not necessary that it should be matter affecting the public interest. The petition does not show that it would do the public any harm. In fact, it appears that it would be beneficial. This cause should be decided in favor of appellant on account of the great public good it would do. The superintendent is not vested with any discretion in this matter. The petition shows that Brown was properly selected as teacher.

Section 3985, annotated code, means all controversies arising under the school law (in schools)—that is, while the schools are being taught—*e. g.*, such controversies as mentioned in § 4005, code, and especially disputes between teachers and pupils.

The heading of the section—to wit: "The same; to settle

disputes in schools"—shows the intent of the legislature to confine the section to disputes in schools. It is plainly to be seen that the legislature never meant for the superintendent to settle "all controversies arising under the school law."

*Moore & Clark,* for appellee.

The demurrer was properly sustained by the lower court. The statute, § 2846, annotated code, provides expressly that an action of mandamus lies only in those cases where there is no plain, adequate, and speedy remedy in the ordinary course of law, and for the purpose of requiring the performance of an act which the law specially enjoins as a duty resulting from an office. The record in this court does not present such a case as entitled the petitioner to this remedy. Chapter 119 of the annotated code provides a system of law for the regulation and management of the public school interests of the state which is unique in itself, and which the legislature intended should cover all matters pertaining to the conduct and control of the public school interests of the state. In support of this statement, we simply call the court's attention to the first section of the school law, § 3962: "There shall be maintained a uniform system of free public schools for all of the children between the ages of five and twenty-one years;" and section 201 of the constitution further provides and declares that a system of free public schools shall be uniform throughout the state, and the whole public school interest of the state are, by article 8 of the constitution, provided for and required to be fully carried out by the legislature. The general supervision of schools and the educational interests of the state are, by the constitution itself, vested in the functionaries of the public schools, as provided by the constitution and the laws of the state.

In looking more closely into the details of the suit, we find that the code provides, in § 3965, that there shall be a board of education, who shall decide all appeals from decisions of the county superintendent, all matters relating to appeals to be

prosecuted in writing, and the decisions of the board to be absolutely final.   It will thus be seen that, in the very inception of the system, it was anticipated that disputes might arise over the enforcement of the school laws, that parties would complain that their rights had been infringed upon, and dissatisfaction might arise over the action of some one or some officer, and, recognizing the fact that no one officer should be made the sole and absolute judge in all cases, a regular court of appeals, for the decision of all matters arising under the school law, is provided for in the state board of education.   So, we see, in § 3985, that express provision is made that in all controversies arising under the school law, the opinion and advice of the county superintendent shall first be sought, from whose decision an appeal may be taken to the state board of education, upon a written statement of the facts, certified by the county superintendent or by the secretary of the trustees.   From this it will be seen at once that a remedy was afforded to the petitioner in this case, by an appeal from the action of the county superintendent to the state board of education, if petitioner considered himself aggrieved by the action of the county superintendent.   That is the remedy provided by law.   It is a speedy remedy, and a remedy in which the rights of the petitioner would have been adequately determined.   The law is well settled, even if our statutes were not positive upon the subject, that in all cases where any other adequate and speedy remedy at law can be had, the remedy by mandamus will be refused.   Such is the doctrine of all the text-books, and precedents on this point are to be found in every set of reports.   *State* v. *Hitt*, 13 Wash. Rep., 547.

The statute expressly declares (§ 3985) that all controversies —that is, controversies of every kind, character and description; disputes between teachers and pupils; disputes between teachers and county superintendents; disputes between county superintendents and trustees; questions upon the salaries of the teachers; each and every kind and character of controversy

that could possibly arise in the administration of the school law—should be appealed to the state board of education, where parties felt themselves aggrieved by the decision of the county superintendent. Section 2846 provides that the mandamus shall not be a remedy where there is a plain, adequate and simple remedy in the ordinary course of law.

Again, this petition presents such a case as shows that the county superintendent himself was vested with a discretion in the matter of contracting with teachers. The discretion of the county superintendent is a very extensive one. He had a right to inquire into the moral conduct, character and other qualifications of the teacher presenting himself, for the purpose of obtaining a contract to teach in a public school, being, in a manner, the guardian of the moral training of the children of the county. It was really the duty of the county superintendent to make these inquiries in each and every case brought before him, and he would not be bound by the action of the trustees in the selection of a teacher, nor would he be compelled to contract with a teacher in any case where, in the exercise of the discretion vested in him he believed the teacher was not a fit person to teach the children of the county. Code 1892, § 3986. For incompetency, neglect of duty, immoral conduct, or other disqualification, the county superintendent may suspend or remove any teacher or trustee from office, except in separate school districts. If the superintendent had a right to remove from office at any time, then assuredly he would not have been, in the first instance, compelled to enter into a contract with a teacher and then to have instituted an inquiry for the purpose of canceling a contract. Whenever a discretion is vested in an officer, mandamus will not lie to control that discretion or to determine the decision which is to be made. 14 Am. & Eng. Enc. L., 140, note 6, where many authorities are cited in support of the announcement of this doctrine. See, particularly, *Swann* v. *Gray*, 44 Miss., 393. The petition does not show, on its face, a compliance with the laws of this state as to the

election or selection of trustees for public schools, or as to the election or selection of the petitioner as teacher of the public schools at Rosedale.

TERRAL, J., delivered the opinion of the court.

The petition of S. S. Brown, filed November 9, 1897, in the circuit court of Bolivar county, states that he is a duly licensed first-grade public school teacher, of the State of Mississippi, holding a license of the first grade, good for two years from June, 1896; that the trustees of Rosedale colored public school, in October, 1897, selected petitioner as teacher of said public school, for the scholastic year beginning October 1, 1897, and duly certified such selection to T. S. Owen, superintendent of education of said Bolivar county; that he has applied to said T. S. Owen, superintendent as aforesaid, to employ your petitioner as teacher of said Rosedale public colored school, and to contract with him as such teacher; and that said T. S. Owen refuses to contract with him in that regard. The petitioner applied for a mandamus against Owen. The county superintendent demurred to the petition, which was sustained, and Brown appeals to this court. It is insisted that as the county superintendent of education may, in certain cases, suspend or remove a teacher from office, that for like causes he may refuse to employ a teacher. The county superintendent, for the statutory causes prescribed, may remove or suspend a teacher, except, perhaps, one holding a professional or state license, but this special power vested in the county superintendent can be exercised only for the causes named in the statute, and in the manner prescribed by it; for it is a rule of the common law that wherever a new or special power is given by an act of the legislature, it must appear, upon the face of the proceedings, that the power has been strictly pursued, otherwise such action is void. *Gotor* v. *Commissioners*, 1 Bay., 354; *Singleton* v. *Commissioners*, 2 Bay., 205. In our opinion the petitioner has a valuable right, under the teacher's license held by him, the

loss of which cannot be compensated in damages, and this is sufficient to entitle him to a mandamus. *Morley* v. *Power*, 5 Lea (Tenn.), 696. So long as the petitioner holds his license to teach, he is possessed of rights not to be denied him, and of which he cannot be divested, except upon the grounds mentioned in the statute, and, in an inquiry to that end, he must be proceeded against upon written specific charges, after due notice and by a fair trial; and a disregard of this rule may authorize the intervention and judgment of the proper common law courts. High on Ex. Rem., sec. 67, *et seq.* Upon the case stated, it is the plain duty of the county superintendent to enter into a contract with the petitioner for teaching the Rosedale public colored school, otherwise, not only the right of the petitioner, but the rights of the trustees and the patrons of said school are ignored and denied.

*The judgment of the circuit court is reversed, and the cause is remanded, to be proceeded in according to the principles herein expressed.*