LILY WHITMAN *v.* THOMAS S. OWEN, COUNTY SUPERINTENDENT.

1. SCHOOLS. *Trustees. Elections. De facto officers.*

   The election of a school trustee, though subsequent to the day fixed by law, imparts color of right to the office, and a contract with a teacher made through his participation in the proceedings of the board of which he was a *de facto* member, is valid, and the county superintendent of education can be compelled, by mandamus, to give the same official recognition.

2. SAME. *Evidence. Recognition of trustee.*

   In mandamus by the teacher to enforce her rights under such contract, it is competent to show that the trustee, notwithstanding the irregularity in his election, had been recognized as trustee by the county superintendent of education and others.

FROM the circuit court of Bolivar county.

HON. F. A. MONTGOMERY, Judge.

The appellant, Lily Whitman, was the plaintiff in the court below; Owen, county superintendent of education, appellee, was defendant there. The opinion states the case.

*N. B. Scott*, for the appellant.

It is admitted that Blanchard was not qualified to hold the office of trustee, but petitioner contended and offered to prove that he was a *de facto* trustee. The court refused to permit such proof. He had been elected by the patrons of the school, and in the exercise of the duties of trustee had received official recognition. Although a man with color of right may be disqualified to hold an office, yet he may be a *de facto* officer, and his acts are as good as if he were qualified. *Kimball* v. *Alcorn* 45 Miss., 158; *Brady, Dist. Atty.*, v. *Howe*, 50 *Ib.*, 607; *Rhodes* v. *McDonald*, 24 *Ib.*, 418; *Cooper* v. *Moore*, 44 *Ib.*, 386; *Railway Co.* v. *Bolding*, 69 *Ib.*, 255; *Wimberly* v. *Boland*, 72 *Ib.*, 241; *Vicksburg* v. *Groome*, 24 So. Rep., 306.

*Sillers, Jones & Owen* and *Alexander & Alexander* for appellee.

The law prescribes the qualifications of the trustees and the patrons themselves cannot waive these qualifications. They are prescribed in the interest of good morals and good government, for the benefit of the children of the particular community and the public. There must be three school trustees who are competent. We can add nothing to the reasoning of the recent case of *Hurley* v. *Levee Commissioners (ante,* p. 141), where a similar question was presented as to the competency of one of three persons who constituted a board or commission to appraise levee lands.

There are several answers to the argument that Blanchard was a *de facto* trustee: (1) Until the time fixed by law for the

reporting of the selection of a teacher expired, which was October 15, or perhaps until the time for contracting with the teacher, the matter of the selection was *in fieri*. The same trustees could reconsider, rescind and re-elect. No fixed rights had accrued. No person·had acted on what was done, and, therefore, there was no completed official act.

(2) To constitute one a *de facto* officer, it is essential that he be in possession of the office and that he shall have performed some official acts which the public has recognized. *Adams* v. *Bank*, 75 Miss., 701. This is too well settled to need authorities. The mere election of a candidate by the voters does not constitute him a *de facto* officer. He becomes under such election a *de facto* officer only when he has performed acts as such which the public recognize. In this case the first act assumed to be done by Blanchard was challenged. There could have been no recognition of official acts by the public until the performance of some act required by the statute. The eligibility of Blanchard was challenged at the first possible moment. It is made the duty of the county superintendent to record the names of trustees and deliver to them proper blanks, etc. In this case, long before the superintendent was called on to contract for a teacher, and even before the time for electing a teacher expired, the ineligibility of Blanchard·and the failure at the proper time to elect a competent trustee was brought to the notice of the superintendent, and, as was his duty, he refused to list Blanchard as a trustee, but appointed another, who at once met·with the others and elected a teacher. At that time the whole method of electing a teacher was inchoate, so that we have two trustees, one .qualified and the other disqualified; one a *de jure* trustee and the other claiming to be a *de facto* trustee.

(3) Conceding that Blanchard was a *de facto* trustee and that his acts as to the public must be taken as valid, yet the teacher, basing her right upon the appointment of a *de facto* officer, is herself a *de facto* teacher—that is, had she acted, it would have been under an irregular appointment and her acts

76 Miss.—50

would be valid only on the principle which would validate the acts of the trustees themselves.

Where a disqualified officer's vote is necessary to a quorum, an election is void. Throop on Public Officers, sec. 611. The appointee of a *de facto* officer is himself a mere *de facto* officer. *Ib.*, sec. 658. It is settled that a *de facto* officer cannot sue for salary or to enforce personal rights growing out of the office. *Groome* v. *Vicksburg*, 24 So. Rep., 306; *Christian* v. *Gibbs*, 53 Miss., 314. The reason and principle of the rule is applicable to this case. The appointment of Pease as trustee and the second selection of a teacher was before anyone's rights had accrued, and it was clearly the duty of the superintendent to intervene and appoint a proper trustee.

An election may occur in November and the public suppose between that time and the first Monday in January that the officer is elected, but if his first official act is challenged by the power constituted for that purpose, there is lacking the essential element of a *de facto* officer. *Dabney* v. *Hudson*, 68 Miss., 292.

There was no error in sustaining the objections to the questions in reference to public recognition of Blanchard, because, under the law, there was nothing he could have done after his so-called election and the selection of a teacher.

If plaintiff had any rights, mandamus was not the proper remedy. This case is unlike that of *Brown* v. *Owen*, 75 Miss., 319. In that case there was no question of the regularity of the election of the trustees or of their election of a teacher.

TERRAL, J., delivered the opinion of the court.

On October 3, 1898, Lilly Whitman was selected by T. J. Yarbrough, U. G. Griffin and P. Blanchard, the acting trustees of Gunnison white public school, as teacher of said school for the scholastic year then beginning, and her selection as such teacher was duly notified to T. S. Owen, the superintendent of education of Bolivar county. Miss Whitman was a licensed

teacher of said county, and applied in due time to said superintendent of education for a contract for the teaching of said school.

It appears from the proceedings in the case that the patrons of the school had met on September 19, 1898, and had selected P. Blanchard a trustee of said school in the place of the trustee whose term was about to expire. Supt. Owen assumed the election of Blanchard as trustee to be void, and he ignored the action of the trustees in the selection of Miss Whitman. In effect, without charge or trial, the superintendent removed Blanchard from said office of trustee, and appointed J. B. Pease in his place. Yarbrough, Griffin, and Pease selected Miss Whitman as teacher, and she declined the office; whereupon the county superintendent, of his sole authority, without consulting trustees or patrons, appointed and contracted with Miss Ray to teach said Gunnison white public school, and Miss Whitman, feeling aggrieved at the action of the county superintendent of education, brought against him in the circuit court her action of mandamus to enforce her right, and, failing there to receive the desired relief, she asks the judgment of this court upon the premises.

Blanchard, by his election to the office of trustee of Gunnison white public school by the patrons thereof, on September 19, was clothed with the powers of that office. Whether he was an officer *de jure* or *de facto* only it is immaterial to consider, his election as trustee by the patrons of the school, though made after the day set by the statute for the election of trustees, gave him color of right to said office of trustee, and he became thereby at least a trustee *de facto*, and his acts, in respect to the public and third persons interested therein, are valid, and cannot be collaterally attacked. Am. & Eng. Enc. L. (2d ed.), 816; B. & A. Miss. Dig., 876 *et seq*.

The selection of Miss Whitman as teacher of said school by Blanchard, Griffin and Yarbrough entitled her, in our opinion, to a contract for teaching said school. The evidence offered

tending to show the recognition of Blanchard as trustee by the superintendent and others, though his election by the patrons as trustee gave him color of right and validated his acts, was also competent evidence and should have been received.

*Reversed and remanded.*