STATE *ex rel.* COWAN, DIST. ATTY., *v.* MORGAN, COUNTY
SUPERINTENDENT.*

(Division A.    Feb. 1, 1926.)

[106 So. 820.    No. 25420.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Board's order discontinuing school
   in district not to be altered by superintendent so as to abolish
   district.*

   Order of county school board that school in a certain district be dis-
   continued could not be altered by the county superintendent of
   education so as to abolish the district.

2. SCHOOLS AND SCHOOL DISTRICTS. *County board cannot discontinue
   all schools in district without children being furnished other
   available school facilities.*

   Under Const. 1890, section 205, and Laws 1924, chapter 283, section
   91, county school board cannot discontinue all schools in an
   established and existing district so long as resident children are
   not furnished other available public school facilities, though
   there be less than forty-five educable children therein.

3. SCHOOLS AND SCHOOL DISTRICTS. *Any authority of county school
   board to abolish districts held limited.*

   If county school board has implied authority under Laws 1924,
   chapter 283, section 38, to abolish districts by so altering their
   boundaries as to combine several, no part of the county may be
   left out of a district, and districts must be arranged with regard
   to impassable obstructions and so as to place all children within
   reasonable distance of school as required by section 39.

4. MANDAMUS. *Proper remedy to require superintendent to contract
   with qualified teacher selected by trustees of district.*

   Mandamus is proper remedy to require superintendent of education
   to contract with qualified teacher who has been regularly selected
   by trustees of district.

---

*Corpus Juris-Cyc. References; Mandamus, 38 C. J., p. 734, n. 71, New;
Schools and School Districts, 35 Cyc., pp. 857, n. 35; 858, n. 40; 867, n.
32, 33.

APPEAL from circuit court of ·Jackson county.

HON. D. M. GRAHAM, Judge.

Mandamus by the state, on the relation of R. C. Cowan, district attorney, against Mack Morgan, county superintendent of education. Petition dismissed, and petitioner appeals. Reversed and judgment rendered.

*Bullard & Bullard,* for appellant.

Neither the county school board nor the county superintendent had authority to discontinue a school, so long as there are at least the minimum number of children to attend it, fifteen in this instance. It is admitted by the pleadings that there are twenty-four or more children of educable age in the district. The language of the constitution and statutes is mandatory. See section 205, Constitution of 1890; Section 91, chapter 283, Laws of 1924. When, therefore, the defendant was called upon to contract with a teacher for the school, realizing ·as he must have done, that the school could not lawfully be discontinued, he changed the order to one abolishing the district and upon that act of his refused to contract with a teacher. Therefore, the act to abolish the district was the unauthorized act of the· defendant and not the act of the school board.

But even the school board had no authority to abolish a district, even if such had been their order. So much as has already been said is no doubt sufficient to decide the case in favor of appellant, but it is of great public importance, at least to Jackson county, to have this question decided if it is proper to do so. We, therefore, present it in the hope that it may be set at rest. It is evidently the purpose of the defendant and the school board to force consolidation of all the smaller schools in the county that will not take advantage of the law authorizing such consolidation by abolishing the smaller districts. If they have not the authority to do this, it will

avoid confusion and litigation hereafter to have the question set at rest.

To determine the power of the school board in this respect it will be necessary to examine several constitutional and statutory provisions. See Section 16, article VI, Constitution of 1817; Section 14, article VII, Constitution of 1832; Section 201, article VIII, Constitution of 1890. The county school board was created by section 3962, Code of 1892. Section 3993, Code of 1892, defines the authority of the school board with reference to the school districts. Authority was not conferred on the board to create any school district, if that could have been delegated to it. The public schools were already in existence in every neighborhood in the state. The existence of these and their districts was recognized by constitutional and statutory authority. It needs no citation of authority to show that the school board has no authority except that conferred on it by statute. This authority was to define or alter boundaries, not to create districts or abolish them. In fact, the legislature could not have conferred authority on the school board to abolish a district and leave the children within it without the privilege of attending a public school. The constitution is mandatory that this privilege be extended to all children of educable age.

This provision fixing the authority of the school board with reference to the school districts was continued and re-enacted in chapter 263, Laws of 1924, section 38. To abolish the Steede district would be to destroy every legal right the children had to attend any public school, and to deny them this was something not even the legislature could do.

The act of creating and abolishing school districts is a legislative function. Section 35, Cyc. 831-834. It is generally held that this power may be delegated to local officers, but with us it has not been done excepting only those relating to defining and altering boundaries. No authority to create or abolish is conferred. Even if the

board had power to create a district, that does not carry with it the power to abolish. At any rate, this power will not be inferred where its exercise would abridge a constitutional or lawful right.

\*NOTE. *No brief filed for appellee.*

Argued orally by *R. L. Bullard,* for appellant.

COOK, J., delivered the opinion of the court.

A petition was filed in the circuit court of Jackson county seeking the issuance of a writ of mandamus to compel the county superintendent of education to employ and contract with a teacher for the Steede public school for the scholastic year 1925-26. The petition averred that the Steede public school district had been lawfully established, and had been maintained for many years, and the orders of the school board defining the boundaries of the district were attached as exhibits thereto. The petition further alleged that the Steede school is located in a sparsely settled portion of the county where it is not practicable for the children within it to attend any other school, the nearest other school being the Vancleave school, which is from eight to ten miles distant; that there are within said Steede school district twenty-four or more educable children who will be deprived of the privilege of attending any public school unless said Steede school is maintained. The petition further averred that the trustees of said Steede school, within the time required by law, duly selected a competent and qualified teacher who held a valid license to teach in the public schools of the county; that they reported this selection of a teacher to the superintendent and recommended her for employment for the scholastic term of 1925-26, but that the superintendent, without lawful excuse, refused to contract with and employ such teacher, or any other teacher for said school. The petition fur-

ther alleged that the superintendent has unlawfully refused to contract with and employ a teacher for said Steede public school; that he has announced a purpose of compelling the patrons thereof to send their children to the Vancleave public school, which cannot lawfully be done without the written consent of the trustees of said Steede school and Vancleave school, and without a petition signed by a majority of the qualified electors of the Steede school district asking that said children be transported to the Vancleave school; that said written consent of the trustees of the Steede school has not been secured, and no petition has been signed by the qualified electors of said district; that the defendant is trying to evade his duty to contract with a teacher for the Steede school by providing, at the expense of the school fund of the county, the means of transportation of the children of the Steede school to and from the Vancleave public school, but that this proposed transportation of said children is impracticable and would impose an undue hardship on said children for the reasons: First, that there is no authority of law for the transportation of the children of the said Steede school district to and from said Vancleave school at the expense of the public school fund; and, second, even if said arrangement to so transport said children could lawfully be made, it would be impracticable for the reason that the distance is too great, and said children, or many of them, do not live on or near any public highway or road over which they could be transported, and consequently such an arrangement would be of no benefit to many of said children, and would amount to a denial of any opportunity for them to attend a public school. The prayer of the petition is for the issuance of a writ of mandamus commanding the defendant to forthwith employ and contract with the teacher selected by the board of trustees of the Steede school, or if for any lawful reason the defendant may fail or refuse to contract with the teacher so elected, that he be commanded to forthwith employ and

contract with some other lawfully qualified and licensed teacher to teach the said Steede school. Upon the final hearing the court below dismissed the petition, and from this order this appeal was prosecuted.

The testimony offered at the trial was not noted by a stenographer, but the substance thereof is preserved in a bill of exceptions approved and signed by the trial judge, and from this bill of exceptions it appears that the Jackson county school board met in regular session on the 6th day of June, 1925, and adopted and entered on the minutes of said board the following order:

"The following schools were ordered discontinued because there were less than forty-five children therein respectively, as required by law: Americus, Robinson, Lilly Orchard, Bonnie, Dead Lake, Steede, with recommendation that they be transported to larger schools."

On the 14th day of September, 1925, the defendant, the county superintendent of education, changed the order appearing on the minutes of the school board so as to cause it to read as follows:

"The following school districts were ordered abolished on motion duly seconded and passed, because there were less than forty-five children therein, respectively: Americus, Robinson, Lilly Orchard, Bonnie, Dead Lake, Steede."

The order passed by the county school board did not attempt to abolish the Steede school district, but simply ordered that the school in that district be discontinued. The unauthorized act of the defendant in changing the order was a mere spoliation, and could not have the effect of changing the order from one attempting to discontinue this school to one abolishing the district. The county school board has not attempted to abolish this school district, and the county superintendent of education has no authority to do so. The question then recurs as to whether or not a county school board may discontinue the school in a regularly established and existing district.

Section 205 of the Constitution of 1890 provides that "a public school shall be maintained in each school district in the county at least four months during each scholastic year," while section 91 of chapter 283, Laws of 1924, requires that the schools be kept in continuous session four months, and as much longer as the school fund of the scholastic year will maintain them. Section 39 of said chapter 283, Laws of 1924, also requires that at least one public school shall be maintained in each school district, but authorizes the superintendent to discontinue any school when the average attendance shall be less than five for any month. Under this constitutional mandate and the various statutes herein referred to, it is clear that the county school board cannot discontinue all schools in an established and existing district. Neither does the fact that there were less than forty-five educable children in the Steede school district authorize the school board to discontinue the school in that district. While it is true that section 39 of chapter 283, Laws of 1924, provides that a regular school district shall not be established which contains less than forty-five educable children of the race for which the district is established, "except where too great distance or impassable obstructions would debar children from school privileges, in which cases the board may, in its discretion, establish a regular district containing not less than fifteen educable children," the admissions of the pleadings in the case at bar bring the Steede school district within the exception. Children living eight or ten miles from any public school, and not on any road over which they could be transported at public expense, would be very effectually deprived of public school privileges, and the school board was without authority to discontinue the school so long as the district was in existence and the children residing therein were not furnished other available public school privileges.

Section 38 of chapter 283, Laws of 1924, provides that the county superintendent shall be president of the school

board, and that he shall convene the board annually not later than June 15th, to define the boundaries of the school districts of the county outside of the separate school districts, or to make alterations therein, and to designate the location of the schoolhouse in each district if not already located, while section 39 of said chapter 283 provides that separate districts shall be made for the schools of the white and colored races, and the districts for each race shall embrace the whole territory of the county outside the separate school districts.

Conceding that the authority conferred on the school board to define the boundaries of the school districts, and to make alterations therein, by necessary implication confers the authority to abolish districts by so altering the boundaries as to combine two or more districts, still the boundaries of the districts of the county cannot be so defined or altered as to leave any part of the territory of a county outside of a school district, and in defining the boundaries, the districts must be arranged with due regard to impassable obstructions which would debar children from school privileges, and must be so arranged as to place all children within a reasonable distance of the schoolhouse, as required by section 39 of chapter 283 of the Laws of 1924.

That mandamus is a proper remedy to require a superintendent of education to contract with a teacher who possesses all the necessary qualifications, and who has been regularly and legally selected by the trustees of the school district, as the teacher of a public school for the scholastic year then beginning, is established by the cases of *Brown* v. *Owen*, 75 Miss. 319, 23 So. 35, and *Whitman* v. *Owen*, 76 Miss. 783, 25 So. 669. The fact that the board of trustees of the Steede public school, at the time and in the manner required by law, selected a teacher for said school for the scholastic year of 1925-26, who possessed the necessary qualifications, and that the superintendent of education was properly notified of the selection, is not controverted in this record, and we

think this teacher was entitled to a contract to teach said school. The judgment of the court below will therefore be reversed and judgment entered here directing the issuance of the writ of mandamus in accordance with the prayer of the petition.

*Reversed and judgment here.*