STRICKLIN et al. v. COPELAND.

(Division B. Feb. 27, 1933.)

[146 So. 311. No. 30456.]

**W. B. Ellis**, of Iuka, for appellant.

**J. A. Cunningham** and **Floyd Cunningham**, both of Booneville, for appellants.

C. L. Sumners, of Corinth, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, George W. Stricklin, was county superintendent of education of Tishomingo county, and the other appellants were trustees of the Snowdown consolidated school. B. C. Copeland, the appellee, was the principal of said consolidated school for the term of 1928-1929. On the 30th day of March, 1929, he was re-elected as principal of said school, but there is a dispute as to whether the election was conditional or unconditional.

According to the theory of the appellee, Copeland, he was elected unconditionally. Acting thereon, he drew his certificate of election to be certified to by the county superintendent of education, and the county superintendent refused to contract with Copeland, a licensed, qualified teacher, ready and willing to carry out his contract and teach said school.

According to the theory of the appellants, it was understood and agreed at the meeting at which Copeland was so elected that he would go to college before school opened, and make up fifteen quarter hours. The trustees claimed that they agreed to re-elect Copeland on condition that he would go to college and make up these quarter hours which he lacked in having enough units to give their consolidated school a good standing with the School Accrediting Association of High Schools.

One of the trustees testified that this agreement was made in the presence of Copeland, and that he agreed to it, but, after he left, they discussed the matter and decided it was better to have this agreement in the written

certificate to the superintendent of education, and that it was written in said agreement by the trustees after Copeland had gone. This inserted clause reads as follows: "It is agreed that Mr. B. C. Copeland is to go to college and make 15 q. hs. before school opens or his election is null and void." The certificate was written out by Copeland in its original form without this clause, reading as follows:

"Tishomingo County. March 30, 1929.

"This certifies that at a meeting held by the trustees of Snowdown consolidated school district on March 30, 1929, the following teachers were elected: B. C. Copeland. for principal. Mrs. O. B. Edmundson, first assistant, and Miss Lizzie Williams, second assistant. This election was held in accordance with the law as found in section 75, School Code of 1924; 'Sec. 75. To Select Teachers. The trustees shall meet annually, on or before the 15th day of July to select a teacher or teachers for their school and they shall at once notify the county superintendent of their selection. If the trustees fail so to report, or if the teacher fails to obtain a license, the superintendent shall appoint a licensed teacher or teachers as the case may be. Any election of teachers by trustees for the ensuing school term, before the annual election of trustees, shall be illegal. It shall be illegal for the trustees to elect, or the county superintendent to appoint, any teacher related within the third degree by blood or marriage to a majority of the trustees. No trustee shall vote for any person as teacher related to him within the third degree by blood or marriage, or who is dependent upon him in a financial way.'

"It is further determined that the school be taught during the winter and summer.

"Witness our signatures this the 30th day of March, 192 . . .

"J. W. Thomas,

"Drew Chalmers,
"W. H. Yarber,
"Trustees."

Copeland's testimony is that he did not make such agreement, and that no mention was made of it for some time after the meeting of March 30, 1929; that he had three years of college training, but that the superintendent would not contract with him, and his information is that the superintendent called the attention of the trustees to the fact that he was not agreeable to the superintendent, and that the school could not get credits to admit its students to other high schools or colleges if Copeland did not qualify.

It is admitted in the record that Copeland had a teacher's license which qualified him to teach the school.

The case was submitted to the jury, which returned a verdict for Copeland on a conflict of evidence as to whether or not the alleged clause was in the contract. Stricklin, the county superintendent of education, admitted that he would not contract with Copeland because he lacked these quarter hours, whatever they may signify in school parlance.

The jury found that Copeland had a valid, unconditional contract to teach the school, and that he did not consent to the insertion of the clause above quoted, and that, as he had a valid license, it was the duty of the superintendent to contract with him.

We do not decide whether the trustees could have imposed such a condition as a condition of making the contract. For the purpose of this discussion, we will assume they could do so.

The case is one for the jury, and by their verdict they have decided in favor of Copeland. The court below entered judgment in favor of Copeland, and its judgment will be affirmed.

Affirmed.