TRANTHAM *et al. v.* RUSSELL.

(Division B. Dec. 3, 1934.)

[158 So. 143. No. 31464.]

**W. C. Adams,** of Corinth, and **Butler & Snow,** of Jackson, for appellants.

**E. C. Sharpe**, of Booneville, for appellee.

484

Argued orally by **George Butler**, for appellant, and by **E. C. Sharp**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action in the circuit court of Prentiss county against appellants, C. G. Trantham, superintendent of education of that county, and the surety on his official bond, National Surety Company, to recover the sum of eight hundred eighty-four dollars and sixteen cents, the aggregate amount of school teachers' pay certificates and school truck drivers' pay certificates issued by the superintendent and owned and held by appellee, which appellee alleged were issued in violation of law, and for payment of which the superintendent was liable on his official bond. The case was tried before the judge acting as judge and jury, resulting in a judgment in appellee's favor in the amount sued for.

During the first few months of 1932, appellant Trantham, in his official capacity as county superintendent of education, issued the pay certificates involved, amounting to eight hundred eighty-four dollars and sixteen cents, of which amount five hundred eleven dollars and twenty cents was for teachers' pay certificates, and the balance, three hundred seventy-two dollars and ninety-six cents, was for school truck drivers' pay certificates. They were for services rendered for the scholastic year 1931-32. During that year the total resources of the county for school purposes was the sum of fifty-five thousand nine hundred sixty-four dollars and eighty cents. Warrants and pay certificates were issued by the superintendent as follows: For teachers, sixty thousand three hundred ninety-six dollars and forty-three cents, for truck drivers, twenty-four thousand two hundred ninety-one dollars and forty-two cents, making a total of eighty-four thousand six hundred seventy-seven dollars and eighty-five cents. The result was that pay certificates for twenty-eight thousand seven hundred twelve dollars and ninety-five cents were issued to teachers and truck drivers in excess of the funds devoted to that purpose. Appellee acquired the certificates in due course for a valuable consideration after the expiration of the 1931-32 scholastic year. There being no funds with which to meet these obligations, he brought this action, as stated, on the official bond of the county superintendent of education to recover the face value of the certificates with six per cent. interest from the time due.

Sections 6732, 6571, and 6565, Code of 1930, provide as follows:

"6732. All school funds received and collected during the scholastic year shall constitute the school fund of the county for the scholastic year; and the salaries of the teachers shall be so fixed as not to allow a deficit in any year. It shall be unlawful for the superintendent

to issue pay certificates to teachers in excess of the amount of money received on account of the public schools for the current year and any certificate so issued shall be illegal and void; but the superintendent shall be responsible on his bond to the holders for face value of such certificate and shall be so liable to any person whom he may cause to teach in a public school and for whose payment there is no money in the treasury.''

''6571. Superintendents · shall fix the salaries of teachers so that the amount to be paid in salaries and other expenses for maintaining all the schools for one month shall not exceed that fractional part of the whole school fund which one month is of the whole number of months the schools are taught.''

''6565. The county superintendent shall, before entering upon the duties of this office, take the oath of office, and give bond with a surety company, in the penal sum of not less than two thousand dollars nor more than twenty thousand dollars, payable to the state, conditioned upon the faithful performance of the duties of this office, the amount of said bond to be fixed by the board of supervisors; and in case the superintendent fails to give the required bond within thirty days after his regular term of office begins, or when appointed, the office shall be vacant.''

On the trial of the case, appellants undertook to show, by J. A. Cunningham and the superintendent of education, that during the month of September, 1931, the state board of education agreed with Prentiss county to appropriate to that county for school purposes from the state equalizing fund the sum of forty-nine thousand dollars, and that the pay certificates in question were issued by the superintendent in good faith, relying upon that agreement; that the agreement was not carried out, but if it had been the pay certificates issued by the super-

intendent would have been within the available funds—there would have been no deficit. There was no attempt to show that the state board of education made such an order on its minutes and furnished a certified copy thereof to the auditor, state treasurer, and the county superintendent of education. The court excluded the evidence on that ground.

It is inconceivable that the Legislature contemplated that the important and far-reaching acts of the state board of education should rest in parol—that no written record is necessary. The state board of education is a creature of the Constitution—section 203—it consists of the state superintendent of education, the attorney-general, and the secretary of state. The department of education is one of the most important in our system of government. Among the powers conferred on it by law is the apportionment of the equalizing fund which annually now consists of more than two million dollars. This fund is required to be apportioned by the board semi-annually, or as often as may be necessary, to the several counties and school districts. The board is required to furnish a "certified copy" of the apportionment to be used by the superintendent in making out the warrants on this fund in favor of the county depositories and treasurers of separate school districts. Section 6740, Code of 1930. It is true that there is no statute expressly providing that the board shall keep a written record of its acts and doings, but it seems clear that the Legislature contemplated that it should be done; how could the board furnish a certified copy of the apportionment if the orders of apportionment rested in parol—what would there be to keep and certify to? We think that by implication section 6740 requires the board to keep a written record of its acts and doings.

So far as the teachers' pay certificates are concerned, we are unable to see any escape from liability of the

superintendent on his official bond under section 6732 of the Code. It simply provides, in unmistakable language, that for teachers' pay certificates issued in violation of the statute, as these were, the superintendent shall be liable on his official bond to the holders, etc. Good faith and mistaken judgment are no defense. With such liability, there also goes six per cent. interest per annum on the amounts of the certificates from the time they were due. Section 1946, Code of 1930. The trial court so adjudged.

Now, taking up the question of liability for the truck drivers' pay certificates. So far as they are concerned, section 6732 has no application; by its language it is confined exclusively to teachers' pay certificates. Appellee contends that there is liability on the bond under section 6565 of the Code; that section provides for the official bond of the county superintendent ''conditioned upon the faithful performance of the duties of this office.'' Appellee argues that the superintendent acted illegally and thereby breached his bond in issuing these certificates. There is no evidence that the superintendent acted in bad faith, in fact, the contrary is shown. The county superintendent is vested with both administrative and quasi judicial powers, and the efficiency of the public school system requires that large administrative powers be vested in him; and neither he nor his bondsmen are liable for errors of judgment or discretion in the absence of fraud, although by reason of such errors he pays teachers more than they are entitled to under the law. While he acts within the scope of his authority in good faith, he is not liable for errors of judgment. State to Use of Lincoln County v. Green, 111 Miss. 32, 71 So. 171. This principle, of course, has no application where section 6732 applies. This means that so far as the truck drivers' certificates are concerned, there is no liability on the bond.

Affirmed in part; reversed in part and judgment here.