McGaha *v.* Curlee *et al.*

(Division B.   Sept. 28, 1936.)

[169 So. 694.   No. 32307.]

C. L. Sumners, of Corinth, for appellant.

W. C. **Sweat**, of Corinth, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

Appellant, Mark McGaha, filed a petition in the cir-

cuit court of Alcorn county against C. B. Curlee, George Bynum, W. C. Graves, J. D. Furtick, and W. P. Alvis, trustees of the Rienzi separate school district, alleging that he was a teacher in the public school of Rienzi holding a first grade license, and that the appellees were trustees thereof, and that J. D. Furtick and W. P. Alvis are successors in office to W. L. Clarke and J. H. Tranham, former trustees. Appellant also alleged that said board of trustees was authorized to contract with and employ teachers, and did employ the appellant to teach in the colored schools of said district for the session of 1932-33, and that a contract therefor was executed by the secretary of the board and the appellant, a copy of which was made an exhibit to the petition for mandamus. He further alleged that he taught said school for the period of seven months, and received his salary for six months, but the said trustees refused, and still refuse, to sign the report, so that appellant may receive his salary for the seventh month; that it is the duty of the trustees to sign reports of teachers at the end of each month, which report is presented to the county superintendent of education, who issues a pay certificate thereon, and that this certificate is presented to the city clerk or proper city official, who issues a warrant thereon. Appellant further alleged that the schools in said district were operated for seven months, and that he is advised and believes that said trustees signed the reports and that the white teachers have received full pay for the said seven months, that it is the duty of the trustees to operate all schools for an equal term of months, and that the white schools having been run for seven months, it was the duty of the trustees to operate the colored school for seven months, and that the colored school was run and taught for seven months, and at the end of the seventh month the appellant made out a report in the same manner as for the preceding six months, a copy of which is attached to the petition, presented it

to the trustees, for their signature, without which the superintendent of education will not sign the pay certificate, and said trustees refused, and still refuse, to sign said report, and that the county superintendent has not refused to sign the necessary pay certificate, but will sign when the report is properly signed. Appellant avers that, having no plain, adequate remedy at law, it was necessary for him to apply for a writ of mandamus.

The alleged contract between the appellant and E. M. Perry, secretary of the school board, did not anywhere recite that the trustees had employed the appellant, nor fix his salary or the term of his contract with them, nor that E. M. Perry was authorized to make said contract by order of the board of trustees.

The petition for mandamus was demurred to, the demurrer was sustained, and an amended petition was filed setting forth the same trustees as in the original petition, and making the same allegations, except that it was alleged that in 1931-32 the then trustees, C. B. Curlee, H. T. Stubblefield, E. M. Perry, J. S. Clarke, and H. W. Henderson, were charged with the duty of electing teachers for the said school, and that, this being a separate school district, the teachers so selected were recognized and accepted by the county superintendent of education, and that it was not necessary or required by law that said superintendent make any contract with said teachers, nor that the trustees of said school enter into any written contract with the teachers. It was further alleged in said amended petition that the trustees met and elected teachers for the Rienzi separate school district for the session 1931-32, electing appellant as principal for said session at a salary of forty dollars per month. Appellant alleged that he is advised and believes that the trustees of said district keep a minute book of their transactions; that W. C. Graves, the secretary, now has said minute book; that appellant has requested to see said minute book, but that said W. C.

Graves has refused to permit him to do so, and appellant here demands such permission. Appellant alleged that he entered upon his duties and taught the school for the session 1931-32, except the last two months; that he was ready and willing to teach the last two months, but that the trustees have prevented his doing so; that, under the law, the trustees met and elected teachers for the session 1932-33, electing appellant as principal of the colored school for said session, and notifying him of his election. Appellant avers that he believes the minutes above referred to will show his election as such principal, but, as stated, the appellees have refused to let him see the minutes.

Appellant further avers that, the law not requiring any contract to be made between the county superintendent and teachers, he entered upon his duties as principal of said colored school and taught for the entire seven-month session of 1932-33, but that the trustees refused to sign his pay certificate for the last month, that it is necessary that the trustees notify the superintendent of education of the teachers elected for the session, and that the appellant's name was included in the certificates sent to the superintendent of education for the first five months of the session of 1931-32, and for the first six months of the session of 1932-33, and that the trustees signed his reports for the first five months of the session of 1931-32, but refused to sign his reports for the last two months of said session, and signed his reports for the first six months of the session of 1932-33, but refused to sign his report for the seventh month, and that appellant is entitled to the writ of mandamus to compel the trustees to sign his reports for the last two months of the session of 1931-32 at the rate of forty dollars per month, and the last month of the session of 1932-33 at the rate of thirty-two dollars and fifty cents per month. Appellant further alleged that the white schools of said district operated for sev-

en months, and that it is the duty of said trustees to operate all schools for an equal term of months, and that the colored schools should be operated for the same number of months as the white schools, and that it was the duty of the trustees to sign the reports of the appellant at the end of each month so that a warrant might be issued thereon, and that, until reports are so signed, warrants are not issued thereon.

To this amended petition the appellees pleaded the general issue.

On the trial of the case, no contract signed by the trustees of the separate school district was presented, nor were any minutes presented showing the election of teachers for either the sessions of 1931-32 or 1932-33, except the alleged contract dated June 18, 1932, signed by E. M. Perry. There was no proof offered of any minutes, or written contract equivalent to minutes, made by the trustees employing the appellant, nor was there any memoranda or proof offered to show that the board of trustees had directed or authorized Perry to make any contract in their behalf with appellant.

From the pleadings, it appears that E. M. Perry was not a trustee in 1932-33, and was not secretary for the session of 1932-33.

At the conclusion of the evidence, the court below refused to issue the writ of mandamus, from which ruling this appeal is prosecuted.

As to the session of 1931-32, it clearly appears that the school was not taught for a period, and that no effort was made to secure a writ of mandamus to obtain the appellant's claim for the two months not taught, and the writ of mandamus was not asked for until after the close of the school session. Consequently, under the decision of this court in the case of Stokes v. Newell, 172 Miss. 289, 159 So. 540, it was too late for the appellant to institute such proceeding.

We think that it is clearly the duty of trustees and teachers, when contracting, to have the terms and conditions of such contract entered upon minutes of the board of trustees. There is nothing in the case at bar to show that this was done, nor is there any contract in writing by the trustees of said school district fixing the salary or term of appellant.

Trustees are bodies composed of more than one person acting for the public, and should be required to keep minutes, or some writing equivalent to minutes, to show contracts, etc., made by them.

It is not contemplated that the contract in the case at bar can rest upon parol. Trantham v. Russell, 171 Miss. 481, 158 So. 143. Trustees cannot delegate the trust reposed in them to third persons. They are selected to act for the public, and should bring their individual minds to bear upon contracts and other duties imposed upon them by the law. It is true that trustees might, by making the necessary entries on their minutes, show the terms, etc., of contracts, and authorize some person to formally execute the terms thereof. Trustees are selected for their fitness for the duties, and their soundness and discretion are strongly considered in their selection. If there was a verbal agreement, it would be the duty of the trustees to enter the agreement upon their minutes, and they could be compelled by mandamus to do so, unless it could be shown that a sufficient legal cause arose subsequent to the making of said agreement to make it improper or unlawful to employ a teacher, etc.

Under the authorities above cited, the appellant was not entitled to maintain suit for mandamus, because no contract, under the law, was entered into, and because suit for mandamus was not instituted before the close of the year in which the claim arose. The original petition for mandamus was not filed within the school year involved, and was not filed until after the school funds

remaining, if any remained, were transferred to the funds for the next year.

It follows from what we have said that the judgment of the court below must be affirmed.

Affirmed.