WARE v. STATE EX REL. POOLE.

[71 South. 868—72 South. 237.]

HEALTH.  *Officers.  Removal.  Statutes.  Public officers.*

> Under Code 1906, section 2491, providing that a competent physi-
> cian shall be appointed county health officer for and from each
> county by the state board of health, for a term of two years.
> and section 2494, defining his duties and placing him under the
> joint supervision of the state board of health and the county
> board of supervisors, and section 2509 providing for his salary,
> and section 2516 and 2516a defining his authority in certain
> cases, and section 2490 providing that the state board of health
> may remove any county health officer and fill the vacancy
> thereby occasioned; a county health officer is a "public officer"
> who could not be removed by the state board of health at any
> meeting without reason, notice or hearing and only for good
> and reasonable cause.

APPEAL from the circuit court of Hinds county.
HON. W. H. POTTER, Judge.

*Quo warranto* by the state on relation of E. B. Poole
against J. M. Ware.  From a judgment for relator on
overruling a demurrer to the petition, defendants appeal.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

*A. H. Longino,* for appellee.

STEVENS, J., delivered the opinion of the court.

The state, on relation of E. B. Poole, instituted this
*quo warranto* proceeding in the circuit court of the First
district of Hinds county, making known to the court that
on the 19th day of June, 1915, E. B. Poole was duly and
regularly selected county health officer of Hinds county
by the state board of health for the term and period of
two years from June 19, 1915;  that his appointment

was duly certified by the secretary of the board of health to the board of supervisors of said county; that the annual salary of relator was fixed by the board of supervisors at one thousand two hundred dollars; that relator accepted his appointment and qualified and entered upon the duties of his office, and has been receiving the emoluments thereof, and now asserts with confidence his right to discharge the duties and functions of the office and to receive the compensation incident to and provided therefor. The petition further avers that the state board of health, at a meeting held on the —— day of ——, 1916, and at a time when the personnel of the board had changed, undertook unlawfully to terminate the tenure of relator in his said office of county health officer by attempting to declare the office vacant, in the face of the fact that nearly a year and a half of the two years term for which relator was appointed had not expired, and that the action of the board was without notice to, or any hearing accorded to, relator, and was illegal and void. It is averred, further, that, after undertaking to declare the office vacant, the board then proceeded to name Dr. J. M. Ware to fill the vacancy thus attempted to be created; that Dr. Ware now claims to be the county health officer of the county, and is assuming the right to hold the office, to perform the functions thereof, and to demand and receive the compensation awarded. It is the contention of the petition that relator is entitled to hold and retain his said office until the expiration of his term, and to have the court guarantee him in this right and to bar or prevent the said Ware from holding, or attempting to hold, the same, or in any way from interfering with the rights of the relator in the discharge of his duties as a public officer of the county. The petition assumes to make as an exhibit a true copy of the order of the state board of health in reference to this business. The exhibit reads as follows:

"Dr. Gilleylen moved to vacate the office of county health officer of Hinds county, seconded by Dr. Hall. Dr. Eason moved to require the reason for removal be given, and same be spread on the minutes, seconded by Dr. Johnson. Dr. Garrison moved to table the amendment of Dr. Eason, seconded by Dr. Hall. Carried. Dr. Gilleylen's motion carried, and Dr. J. M. Ware was nominated and elected as county health officer."

The writ of *quo warranto* was issued and executed upon Dr. Ware, who appeared and interposed a demurrer to the petition, the material portion of which is as follows:

"First. The petition shows on its face that no cause of action exists against this defendant. Second. The petition further shows on its face that the said E. B. Poole was removed by the state board of health under section 2490, Code of 1906, giving the state board of health full authority to remove any county health officer at any meeting, and that for this reason this petition should be dismissed. Third. The petition further shows that the said E. B. Poole was county health officer and removed by the health board; full authority being given under the law for the health board to take this action and when taken by them, as it was in this case, is in strict conformity to the law, and not in violation of any section of the Constitution of the state."

The case was by agreement of the parties submitted to the circuit judge on petition and demurrer thereto. The demurrer was overruled, the defendant declined to plead further, and brings before us for review the action of the lower court in overruling the demurrer and granting the relief prayed for.

The petition and exhibit thereto show, and the demurrer admits, that Dr. Poole was the legally constituted health officer of the county, in the midst of his term, and in the active discharge of the duties of his office when the state board of health, composed largely of new members, undertook to remove the relator without cause and

to substitute in his place Dr. J. M. Ware. The record further discloses that, not only was no reason or cause assigned by the board for its action, but that the board deliberately declined and refused to assign a reason for its action, and declined to record on the minutes of the board any expression of its reasons or motives. It appears that one member of the board moved to require the reason to be given and spread on the minutes, and that this motion was tabled. It manifestly and affirmatively appears, therefore, that if any reason exists, it is yet lodged within the breasts of those members of the board making and carrying the motion to declare the office vacant and thereby to oust relator from his job. It affirmatively shows that this action was taken without any notice to Dr. Poole, without informing him of any charges or accusations of any kind, and of course without affording him an opportunity to be heard in defense. Without elaboration, therefore, the case is ruled by the principle this day announced in the case of *State ex rel.* v. *McDowell,* 71 So. 867 (No. 18924), which was argued and submitted rather as a companion case.

It is the contention of counsel for appellant that section 2490, Code of 1906, expressly provides that "the state board of health may at any meeting remove any county health officer, . . . and fill the vacancy thereby occasioned;" that every appointee to this office takes it with the implied agreement and understanding that the state board of health may remove him at any meeting, and that any incumbent, therefore, has no vested right to the full term of two years expressly provided by section 2490. In determining the *status,* duties, and tenure of office of the county health officer the several provisions or sections of chapter 64 of the Code on "Health and Quarantine" must be read and construed together. Section 2491 provides that:

"A competent physician shall be appointed county health officer for and from each county by the state board of health, whose term of office shall be for two

years, and said board shall cause the appointment to be
certified by its secretary to the board of supervisors of
the county for which the appointment was made."

Section 2494 defines his duties and places this official
in a general way under the joint supervision of the
state board of health and the board of supervisors of
his county. Section 2509 provides:

"The county health officer shall receive for his serv-
ices an annual salary, to be fixed in advance by the
board of supervisors, which may be payable monthly out
of the county treasury."

Section 2516 authorizes the board of supervisors to
make provisions for screening cisterns and fumigating
and disinfecting houses upon the recommendation of the
county health officer, and section 2516a arms this officer
with the authority to enter the premises of any person
for purposes of fumigating and disinfecting or oiling,
and makes it a misdemeanor for any person to refuse
to allow the health officer to enter for such purpose. It
is true the county health officer is charged with the duty
of enforcing the rules and regulations of the state board
of health. It is also true that the duty is devolved upon
him to carry out the instructions of the board of su-
pervisors in investigating and examining into the sani-
tary condition of schools, prisons, meat shops, and other
places of public resort, and of reporting his actions and
opinion to the board of supervisors, as well as to the
state board of health; and it is the board of super-
visors who are required to defray the expense incurred
by the county health officer in dealing with infectious and
contagious diseases. It is interesting to note that under
the Code of 1880 the governor of the state was author-
ized to appoint and to remove a county health officer in
each county. Section 790 Code of 1880. The position is
therefore one provided by the legislature many years
ago, and the incumbent is beyond question a servant of
the public, and responsible to the people of his county for
the manner in which he discharges the large and im-

portant duties imposed upon him by statute. Matters affecting the public health and quarantine are intrusted to him. The statute contemplates that if he is faithful to the trust imposed, he will serve at least a term of two years, and it is to be noted that his salary is fixed by the year. His *status* as a public officer was conceded by this court in the case of *De Soto County* v. *Westbrook,* 64 Miss. 312, 1 So. 352. It is shown in that case that the board of supervisors undertook to pass an order fixing the salary of the county health officer at one dollar per month, and the court held that the board of supervisors could not place the salary "so low as to virtually abolish the office" and:

"The laws for the protection of the public health, under which appellee was appointed are of general application, and cannot be nullified in any county by the failure of the board of supervisors to fix the salary of the general health officer of the county, after he has been duly appointed, or by their fixing it at a rate so far below the maximum that no competent physician will accept the office."

The legislature, therefore, never contemplated or intended that the state board of health should have or exercise the power of removal "at any meeting" without reason, notice, or hearing. The proper construction of the statute simply means that the state board may exercise the power of removal for good or reasonable cause. What is or is not reasonable cause may well be a matter largely within the discretion of the board, but certain it is that the legislature never intended that one of our public officers should be thrust out of office without any reason whatever. The humblest employee in the private walks of life, with a definite contract of employment for a stated period of time, could not thus summarily be discharged from service without good cause. This interpretation of the statute does no violence to the language employed by the legislature. If this is not the meaning of that section giving the board the right to

remove, then the other provision of the statute fixing the term of office at two years would mean nothing. The law is the soul or spirit of reason and justice, and never an instrument of oppression.

The views here expressed render it unnecessary for us to harmonize the statute in question or the statutory method of removal with section 175 of our state Constitution.

*Affirmed.*