### OLDHAM v. BOARD OF DRAINAGE COM'RS OF LAFAYETTE COUNTY.*

[99 So. 675.   No. 24079.]

(Division B. April 21, 1924.)

DRAINS. *County drainage commissioners not liable for breach of contract employing attorney.*

In discharging an attorney, a county board of drainage commis-sioners does not incur liability for damages for a breach of the contract of employment, since by the express terms of section 53, chapter 197, Laws of 1912 (section 4387, Hemingway's Code), such board is given the legal right to discharge attorneys and other employees at will.

*Headnote 1. Drains, 19 C. J., section 42.

APPEAL from circuit court of Lafayette county.
HON. THOS. E. PEGRAM, Judge.

Suit by L. E. Oldham against the board of drainage commissioners of Lafayette county. From a judgment for less than the amount prayed for, plaintiff appeals. Affirmed.

See, also, 97 So. 885.

*L. C. Andrews,* for appellant.

The terms of office of members of the county board of drainage commissioners do not expire at one and the same time. Section 4336, Hemingway's Code. The drainage board is, therefore, a continuing body, and this fact differentiates it and its contracts from a board and its contracts where the terms of office of its members expire at one and the same time, that is, where it is sought to have the contract of the respective boards declared null and void as against public policy because extending beyond the term of all the members of the board making it. In the case of the drainage board, the election or appointment of a commissioner has no other legal effect than to change partially the personnel of the board, while the retirement of all the members of the other board causes that board to go out of existence. For cases adhering to the doctrine that a county board, all of whose members retire at once, cannot make a contract extending beyond its term, see, *Manley* v. *Scott,* 108 Minn. 142, 145, 121 N. W. 628, 29 L. R. A. 652 and note.

But when the personnel changes gradually the rule is different. 7 R. C. I. 945; *Manly* v. *Scott, supra* and cases cited.

The contract here was not against public policy and will be upheld by this court.

Section 4387, Hemingway's Code, empowers county board of drainage commissioners to employ attorneys. The concluding paragraph which reads "and may remove or discharge all such employees at will," indefinite and vague though it may be, and is, is used as a defense to this suit. The evidence shows that in truth and fact no cause existed for the board to breach its agreement with Mr. Oldham. Strictly and accurately speaking,

there was no new board, it was the same board. It is true its personnel had been changed by the appointment of a new member to take the place of one whose term of office had expired, but it was not a new board. The paragraph relied on as a defense is written into every contract between attorney and client, but if the client discharges his attorney without cause he lays himself liable to damages for breach of the agreement.

For the rule to measure appellant's damages, see, 15 C. J. 724; *Crosby* v. *Hatch,* 135 N. W. 1079; *Moyer* v. *Cantieny,* 42 N. W. 1060; *Kersey* v. *Garton,* 77 Mo. 645, 77 N. E. 520; *Genrow* v. *Flynn et al.,* 1912D. Ann. Cas. 640; *Myers* v. *Crockett,* 14 Texas 257, 258; *Scheinesohn* v. *Lemonek,* 84 Ohio, 424, 95 N. E. 913, 1912C Ann. Cas. 737; *Benjamin* v. *Hilliard,* 23 How. 149; *Anvil Mining Co.* v. *Humber,* 153 U. S. 540; *Pierce* v. *Tennessee Coal, Iron & R. Co.,* 173 U. S. 1. It is, therefore, abundantly shown by the above authorities that there is written into every contract of employment between client and attorney the right upon the part of the client to discharge the attorney, but if he does dismiss the attorney without cause he subjects himself to an action for damages; that immediately upon the breach of the contract there arises a right of action for and on behalf of the attorney, and that the measure of damages is the value of the contract to the attorney, which in this case has been fixed by the parties at two thousand dollars.

*Harry M. Bryan,* for appellee.

Chapter 197, Laws of 1912, under which appellee board was operating, makes the three members thereof the corporate authorities of the district under its jurisdiction. Section 53 expressly authorizes and empowers the board to employ attorneys, engineers and other necessary employees, to pay a reasonable compensation to such employees out of the funds of the district arising

from the issuance of certificates of indebtedness, sales of bonds, or otherwise, "and may remove or discharge all such employees at will." Section 53 was by operation of law written into whatever contract appellant may have had with the board of drainage commissioners. Appellant knew at the time he was elected (or will be held to have known) that under his contract he might be removed or discharged at will. The cases cited for appellant do not support his contention.

Attorneys occupy a most confidential relation to their clients, and if a public board could be compelled to continue the services of an attorney who was not suitable to it, great hardship and injustice could result. Many cases could be cited to substantiate this proposition. We prefer to stand on the language of the statute as written. To hold otherwise would reduce the power of the board in its control over its own employees to a nullity, and section 53 would become a farce. The lower court held that the duties of an attorney for a drainage board might be performed all through the period of his employment, and he might be called upon to do more work at one time than another, and that, therefore, a reasonable measure of damages would be upon a monthly basis, or one-twelfth of the total annual contract price. See paragraphs two and three, *Henry* v. *Vance,* (Ky.), 63 S. W. 273.

Argued orally by *L. C. Andrews* for appellant and *Harry M. Bryan* for appellee.

COOK, J., delivered the opinion of the court.

The appellant, L. E. Oldham, filed this suit in the circuit court of Lafayette county, Miss., against the appellee, the board of drainage commissioners of said county, for two thousand dollar damages for an alleged breach of a contract employing the appellant as attorney

for said board at an annual salary of two thousand dollars and from a judgment for appellant for the sum of one hundred sixty-six dollars and sixty-six cents, he proscuted this appeal.

The declaration alleged that the appellee is a corporate body, created under section 4333 et seq., Hemingway's Code (chapter 197 of the Laws of 1912, and amendments thereto), and in pursuance of the authority thereby conferred, it entered into a contract employing the appellant as its attorney for one year, and at the end of one month, without cause, excuse or justification, it discharged him, thereby breaching said contract to the damage of the appellant in the sum of two thousand dollars, the value of the contract to him.

After the overruling of a demurrer to the declaration, the appellee filed a plea of the general issue and also a special plea averring that, under the provisions of section 53, chapter 197, Laws of 1912 (section 4387, Hemingway's Code), the appellee had the legal right to remove or discharge the appellant at will.

At the trial it was developed that, prior to the execution of the contract sued on, the appellant had served one year as attorney for appellee at an annual salary of two thousand dollars. At the expiration of this period, in June, 1921, by an order passed by the vote of two members of the board, he was again employed for a term of one year, beginning June 13, 1921, at a salary of two thousand dollars per annum. Before the next regular monthly meeting of the appellee board, the personnel of the board had changed by reason of the retirement of one member and the appointment of a successor, and at a meeting of the board held on July 11, 1921, an order was passed discharging the appellant. As the reason for the discharge of the appellant, B. T. Markette, a member of the board, testified:

"The action was taken because some five or six law-. yers were employed by the old board and I considered

that would work a hardship on the taxpayers. I had no hard feeling against Mr. Oldham, and I felt that Mr. Oldham had represented the old board, and, their policy being diametrically opposed to the new·board, he could not serve us.''

Section 53, chapter 197, Laws of 1912 (section 4387, Hemingway's Code), which authorizes a county board of drainage commissioners to employ attorneys, engineers and other necessary employees, reads as follows:

''The county board of drainage commissioners are authorized and empowered to employ attorneys, engineers and other necessary employees for the purpose of assisting them or the district drainage commissioners in the organization of any drainage district, and they are authorized and empowered to pay a reasonable compensation to such employees out of the funds of the district arising from the issuance of the certificates of indebtedness, sales of bonds or otherwise, and may remove or discharge all such employees at will.''

It will be noted that this section confers upon a drainage board the express authority to employ attorneys and to remove or discharge them at will, and by reason of this provision we think this board had the legal right to dispense with the services of appellant at any time. If, as contended by counsel for appellant, this provision does not relieve the appellee of liability, as far a breach of contract, upon the discharge of appellant, it serves no purpose whatever. Without this provision, the board, as any other client, would have the power to discharge an attorney and suffer such liability as might be adjudged against it by reason of the breach of its contract. Drainage boards are creatures of the legislature, and are charged with the discharge of important public duties, and it was manifestly the legislative intention to confer upon these boards the absolute right to discharge employees without incurring liability therefor.

134 Miss.—42.

It is not clear what, if any, service was rendered by the appellant during the month intervening between the date of his employment and the date of his discharge, but the court below allowed a recovery of one-twelfth of the contract price. This was ample to cover the value of any services rendered during that time, so far as disclosed by the record, and since no cross-appeal has been prosecuted it·will be unnecessary to consider the correctness of the judgment of the court below in this respect.

*Affirmed.*