## WHITEHURST v. SMITH.

(Division B. June 11, 1934.)

[155 So. 683. No. 31272.]

J. F. Dean, of Senatobia, and Logan & Barbee, of Hernando, for appellant.

**E. D. Dinkins**, of Senatobia, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant was elected as principal teacher of the Green-leaf Consolidated School by the legal trustees of said school for the year 1930-31 and again for the year 1931-32. The superintendent of education took the position that one of the trustees who participated in the election of appellant was not a legal member and appointed another person as a trustee, and the board of trustees as thus constituted elected another person to the position of principal. The superintendent contracted with the last-mentioned person and he filled the position and received the compensation therefor throughout both said years.

In Sowell v. Greer, 158 Miss. 315, 130 So. 482, this court held that the first board of trustees was the legal board. The consequence of this decision is that appellant was the duly elected principal of said school for the two years

mentioned. After the expiration of the two years and on February 1, 1933, appellant filed a petition for mandamus against the superintendent to compel her to issue to him pay certificates for the said two years. The superintendent demurred to the petition, and took the points by demurrer that appellant had no contract with the superintendent to teach the school, had not taught a single day of either of the terms aforesaid, had done none of the several other things required of a principal teacher before being entitled to a pay certificate, that therefore a pay certificate could not legally issue under the various applicable statutes, and that the superintendent could not be compelled by mandamus to do what, without the mandamus, she would violate the law to do. The demurrer was sustained and the petition dismissed.

It is an essential prerequisite to the issuance of a teacher's pay certificate that the teacher in a consolidated school shall have a legal contract with the superintendent of education. Sections 6570, 6610, 6611, Code 1930. Section 6610 expressly provides that "it shall be unlawful to issue a certificate for services rendered before the contract is made and signed," and note also the implied requirement that the superintendent's certificate can be issued only for services rendered. A teacher entitled to such a contract may compel it by mandamus if the action therefor is taken before the school term has expired. But appellant did not do this and did not teach. Certainly there cannot be compelled by mandamus the making of a contract for the doing of a thing which has become wholly impossible to perform by reason of the complete elapse, when the petition is filed, of the time within which performance is to be accomplished. It is true appellant alleges that the absence of a contract was by the sole fault of appellee, the superintendent, which fault he alleges was the product of arbitrary, willfully unlawful, and purely personal or political motives of the superintendent. Nevertheless, so far as the public funds are concerned, he had no completed contract; and if the ab-

sence thereof was because of the willfully unlawful actions of the superintendent, acting in bad faith as alleged, and this allegation can be proved, the liability, if any, and as to which we do not decide, is one against the superintendent and her bond, or against the person who unlawfully usurped the place of principal teacher and received the pay therefor, or against both, not against the public and its funds, which can be made liable only in the manner expressly provided by law, and by entire compliance with those provisions.

Affirmed.