STOKES *v.* NEWELL *et al.*

(Division B.   Feb. 25, 1935.   Suggestion of Error overruled April 8, 1935.)

[159 So. 540. No. 31590.]

**L. C. Hallam**, of Cleveland, and **Butler & Snow**, of Jackson, for appellant.

**W. E. Morse** and **B. B. McClendon,** both of Jackson, for appellees.

Argued orally by **Geo. Butler,** for appellant, and by **W. E. Morse,** for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant filed a petition for a writ of mandamus in the circuit court of Hinds county against the trustees of the Jackson municipal separate school district of the first district of Hinds county, commonly called the Jackson separate school district. It was alleged that the defendants were trustees, and that the school district was lawfully established as a separate school; that petitioner is, by profession, a school teacher and school administrator, holding a first-grade license, and that she has been employed, since September, 1918, in the Jackson separate school district as a teacher and school administrator; that she was elected or employed as principal of the Central Junior High School for the years 1933-1934, at an annual salary of one thousand six hundred dollars, payable monthly at the rate of one hundred sixty dollars per month for the period commencing September 30, 1933, and ending July 30, 1934.

That, prior to May 9, 1933, the board of trustees of said municipal school district had in effect a salary schedule as the basis of payment for all teachers, under and by virtue of which no teacher in the white schools received less than eight hundred dollars per annum. It was further alleged that on May 9, 1933, petitioner was re-elected by the board of trustees of the school district, as then constituted, to the position as principal of the

Central Junior High School for the session of 1933-1934, along with and at the same time as all other white teachers and principals were elected, and with the understanding that the salary schedule and basis of pay for all teachers would be fixed as soon as the annual budget for the 1933-1934 session had been made and approved. That in due course petitioner was notified of her election, accepted the employment, and prior to the 25th day of July, 1933, entered upon the discharge of the preliminary duties of her office; that no written contract was made, but petitioner averred, from information and belief, that same was not necessary, and not required by law. Petitioner further averred that by reason of the election and her acceptance of the position, she became vested with a valuable right in and to the place and position to which she had been elected, to discharge the duties of the place, and to receive the salary and compensation which the trustees of said municipality fixed for the session of 1933-1934. It was further alleged that prior to July 1, 1933, the trustees determined the amount of money required for school purposes of the district for the session, and submitted same to the mayor and board of commissioners of the city, who, on the 5th day of September, 1933, approved the same. That the board of trustees made no changes or alterations in the salary schedule or basis of pay for the 1933-1934 session, except under date of August 21 they directed that beginning teachers without experience would be paid seventy dollars per month for the first year of service, but conformed to the salary schedule under which petitioner was entitled to a salary of one thousand six hundred dollars per year, and that by virtue of this schedule she is entitled to the salary of one thousand six hundred dollars per year, payable monthly.

It was alleged that on or about July 25, 1933, the trustees aforesaid, consisting of a changed personnel, wrongfully, and without legal right, directed the superintendent of public schools of the district to advise peti-

tioner that her services would no longer be required, and the superintendent notified her accordingly, and thereafter the board of trustees wrongfully and illegally refused to permit her to discharge the duties of the place to which she had been elected by the former board. It was further averred that petitioner at all times since her election on May 9, 1933, has been able, ready, and willing to discharge all duties required of her as a principal and teacher in said school, and has held herself in readiness and offered to do and perform the same, but without avail. It is alleged that since July 25, 1933, petitioner has made diligent effort to obtain other work, but has wholly failed, and has earned no salary whatso ever since the commencement of the term of office to which she was entitled.

She avers that she has no plain, adequate remedy at law, except by way of mandamus, and that she was entitled to be paid her salary, and to have the board of trustees write an order to the clerk of the city of Jackson to issue a warrant in favor of petitioner for her salary, in the amount of one thousand six hundred dollars, and prays that a writ of mandamus issue directed to the clerk of the city to issue such warrant, and if a written contract be required that the appellees be directed to reduce the contract to writing as of May 9, 1933, and deliver same to her.

The petition was filed on July 17, 1934, and was demurred to, which demurrer was sustained, and the petitioner having declined to amend her petition, judgment was entered dismissing the petition, with prejudice, and petitioner was granted an appeal.

Where a teacher has a contract to teach, he or she has a valuable right which may be enforced by mandamus. Brown v. Owen, 75 Miss. 319, 23 So. 35; Whitman v. Owen, 76 Miss. 783, 25 So. 669; State v. Morgan, 141 Miss. 585, 106 So. 820, and State v. Alexander, 158 Miss. 557, 130 So. 754. The right of a teacher in such case

may also be protected by injunction to prevent the trustees from contracting with another, and to prevent the other from interfering with the teacher in the discharge of her duties. Campbell v. Warwick, 142 Miss. 510, 107 So. 657. But, in order for a teacher to avail herself or himself of such rights, some legal action must be taken before the expiration of the term, so far as resorting to public funds is concerned. Whitehurst v. Smith (Miss.), 155 So. 683, in which it was held that a "superintendent of education who refused to issue contract to principal legally elected for two years could not be compelled by mandamus instituted at end of two-year period to issue principal a pay certificate where principal had no contract and had not taught." In the course of the opinion in this case it was further held that: "A teacher entitled to such a contract may compel it by mandamus if the action therefor is taken before the school term has expired. But appellant did not do this and did not teach. Certainly there cannot be compelled by mandamus the making of a contract for the doing of a thing which has become wholly impossible to perform by reason of the complete elapse, when the petition is filed, of the time within which performance is to be accomplished. It is true appellant alleges that the absence of a contract was by the sole fault of appellee, the superintendent, which fault he alleges was the product of arbitrary, willfully unlawful, and purely personal or political motives of the superintendent. Nevertheless, so far as the public funds are concerned, he had no completed contract; and if the absence thereof was because of the willfully unlawful actions of the superintendent, acting in bad faith as alleged, and this allegation can be proved, the liability, if any, and as to which we do not decide, is one against the superintendent and her bond, or against the person who unlawfully usurped the place of principal teacher and received the pay therefor, or against both, not against the public and its funds, which can be made liable

only in the manner expressly provided by law, and by entire compliance with those provisions.''.

There are many rights which people have that must be asserted timely, and, if not asserted within the particular period, may be lost for failure so to do.

We think, under the facts stated in the petition, that the appellant was not entitled to mandamus because of the delay noted, and we do not decide the other points involved in the litigation.

Affirmed.