BOARD OF MISSISSIPPI LEVEE COM'RS v. KELLNER.

(Division B. June 10, 1940. Suggestion of Error Overruled Sept. 4, 1940.)

[196 So. 779. No. 34175.]

234

Wynn, Hafter & Lake, and Thomas & Cook, all of Greenville, Sillers & Roberts, of Rosedale, V. B. Montgomery and C. M. Murphy, both of Belzoni, for appellant.

**F. H. Montgomery,** of Clarksdale, and **E. J. Bogen,** of Greenville, for appellee.

Argued orally by **W. C. Roberts** and **V. B. Montgomery**, for appellant and by **Ernest Kellner** and **F. H. Montgomery**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

On the second Monday of July, 1938, which was the regular time fixed by law for the election of an attorney for the Board of Mississippi Levee Commissioners, at Greenville, Mississippi, the appellee, Ernest Kellner, was duly elected by the board as such attorney for the term of two years, ending on the second Monday in July, 1940, as provided by law, at an annual salary of $3,000, payable $250 per month, and continued to serve in that capacity from the second Monday in July, 1938, until the second Monday in July, 1939, when he was summarily discharged as such attorney, effective instanter, by an order of the appellant, Board of Mississippi Levee Commissioners, without any reason being assigned for such action, and without any reason existing therefor so far as the record now before us discloses. In fact, the contention of the appellee that his contract of employment was arbitrarily terminated by the appellant is not seriously contested, it being the contention of the appellant that it had the right to discharge the attorney at any time either with or without cause for so doing. The only explanation suggested as to why the order of the board whereby the attorney was elected for the two year period was arbitrarily terminated at the end of the first year is the fact that there had been a change in the board's personnel. Inquiries made by some of the members of the board and by the appellee, Kellner, as to why he was being discharged met with no response. He was not only

ready and able, but expressed, both orally and in writing, a willingness to fulfill the contract. Thereupon an order was adopted by the board electing and employing another attorney for the ensuing year, at and for the same salary of $3,000 per annum, payable at the rate of $250 per month thereafter.

Chapter 175, Laws of 1912, entitled, "An Act to fix the tenure of office of the officers and employes of the Board of Mississippi Levee Commissioners, the time for holding the regular elections, and to provide for temporary appointments under certain circumstances," provides, among other things, "That the term of office of the present President, Secretary and Treasurer, Engineer, Attorneys and Cotton Reporters of the Board of Mississippi Levee Commissioners shall expire on the second Monday of July, 1912, or as soon thereafter as their successors are elected (or appointed) and qualify; and thereafter the term of office of the President, Secretary and Treasurer, Engineer, Attorneys, and any other employees that said Levee Board may deem proper to elect, shall be for two years from the second Monday of July of the even years or until their successors shall be elected (or appointed) and qualify."

Thus it will be seen that the tenure of office or employment of the attorney for the Board of Mississippi Levee Commissioners is definitely fixed by the provisions of this Act at the period of two years.

Chapter 152 of the Laws of 1918 provides, among other things, "That the engineer, attorneys and secretary and treasurer of said board [referring to the Board of Mississippi Levee Commissioners] shall be required personally to discharge the duties of their employment, as provided by section 267 of the constitution, for persons appointed to any office or employment of profit under the laws of this state, and said engineer, attorneys and secretary and treasurer shall be deemed employees of said board, subject to be discharged for cause at any time,

and shall hold their positions for the term for which they were employed.''

The above quoted provision of said chapter 152, Laws of 1918, was amended by chapter 167 of the laws of 1922, so as to omit after the word ''discharged'' the words ''for cause'', and to add at the end of the provision of the statute above quoted the words, ''unless sooner discharged by the board.'' And the statute, as so amended, was reenacted by chapter 245 of the Laws of 1926, and by chapter 110 of the Laws of 1930.

It is therefore contended by the appellant that the legislature, in omitting the words ''for cause'' from chapter 167 of the Laws of 1922, chapter 245 of the Laws of 1926, and chapter 110 of the Laws of 1930, intended in effect to confer upon the said Board of Mississippi Levee Commissioners the power arbitrarily to terminate the two year tenure of employment provided for under chapter 175 of the Laws of 1912 at any time the Board might see fit to do so.

On the other hand, it is contended by the appellee (1) that in view of the fact that the duties of such attorney are prescribed by law to the extent that he is required to pass upon the validity of securities for loans or deposits of the funds of the Levee Board, and is authorized by chapter 110 of the Laws of 1930 to file petitions to condemn property required for levee purposes, and is to perform other duties wherein the public has an interest, and which duties are continuing, rather than for a specific service; and in view of the further fact that his term of service and maximum compensation are fixed by law, the position to which he has been elected for each biennium, under the said chapter 175 of the Laws of 1912, is a public office, and that therefore he is not a mere employee. That, consequently, he could not be removed from office except in the manner provided for by section 175 of the Constitution of Mississippi; and (2) that even though such attorney should be deemed an employee of said Board, as he is designated by chapter 152 of the Laws of

1918, and subsequent statutes amendatory thereof, supra, the Board would be without power and authority to summarily discharge him without notice, hearing, or reasonable cause.

In support of his contention that the attorneyship for the levee board is a public office, the appellee cites the case of Yerger v. State, 91 Miss. 802, 45 So. 849, 850, wherein it was contended that the secretary and clerk of the board of trustees of the penitentiary was not an officer because Section 3598 of the Code of 1906 denominated the secretary and clerk of the board as an employee, the section providing that: "The employes of the pentitentiary shall be: The clerk of the board of trustees, who shall live at Jackson, and be the secretary of the board, and shall receive a salary of twelve hundred dollars a year; . . ." and in which case the Court said: "By reference to section 3598 of the Code of 1906, it is seen that the office in question is created by the statute. It is not a mere employment by the board in their administrative capacity of a person to do a particular service, but the statute creates the office. It is true that the heading of the chapter calls them 'Employes of the Penitentiary'; but this designation of them does not change the character of their service to the public." After citing a number of authorities the Court further stated: "Under these authorities the duty which Brown [who was sought to be removed as secretary and clerk of the board by quo warranto] is to perform being a duty concerning the public, as contradistinguished from a private employment, and his office being created by the statute, we do not think there can be any question as to the right to resort to the writ of quo warranto in this case, or that it can be doubted that he is an officer within the meaning of this section of the statute." Section 3619 of the Code of 1906 provided that the trustees of the penitentiary "shall investigate charges of misconduct of officers and employes, . . . and may suspend or discharge officers and employes . . ." . In the Yerger

case, supra, the Court said: "Section 3619 does not confer arbitrary power of dismissal, but only the power to suspend or discharge officers and employes on charges made of misconduct or incompetency which amounts to misconduct; and this is the measure of their authority to dismiss an employe, and even then it is necessary that the officer be [given an opportunity to be] heard before being removed."

Also appellee cites the case of Ware v. State, 111 Miss. 599, 71 So. 868, 870; Id., Miss., 72 So. 237, wherein there was involved the construction of Section 2490 of the Code of 1906 which provides that: "The state board of health may at any meeting remove any county health officer, or its president or secretary, from office and fill the vacancy thereby occasioned"; and in which case the Court said the legislature "never contemplated or intended that the state board of health should have or exercise the power of removal 'at any meeting' without reason, notice, or hearing. The proper construction of the statute simply means that the state board may exercise the power of removal for good or reasonable cause. What is or is not reasonable cause may well be a matter largely within the discretion of the board, but certain it is that the Legislature never intended that one of our public officers should be thrust out of office without any reason whatever. The humblest employe in the private walks of life, with a definite contract of employment for a stated period of time, could not thus summarily be discharged from service without good cause. This interpretation of the statute does no violence to the language employed by the Legislature. If this is not the meaning of that section giving the board the right to remove, then the other provision of the statute fixing the term of office at two years would mean nothing. The law is the soul or spirit of reason and justice, and never an instrument of oppression." Section 2491 of the Code of 1906 provided that the term of office of the county health officer should be for two years. The salary of such officer was to be de-

termined and fixed by the Board of Supervisors in each county, whereas the salary of the attorney for the levee board in the instant case is to be fixed by the board within the maximum limitation provided for.

In support of his second contention that even though such attorney may be deemed to be an employee of the board he could not be arbitrarily discharged, the appellee argues that in view of the fact that the levee board had full jurisdiction and authority under the law to employ him for a definite term of two years, as provided by law, the contract could not be terminated except for reasonable cause for the reason that any exercise of arbitrary power by a public board is abhorrent to any notion of right and justice in this country.

Applying the principle thus contended for, the question arises as to whether or not in construing the provision of Chapter 152, Laws of 1918, giving the board the right to discharge an engineer, attorney, secretary and treasurer after they had been elected for a term of two years, it would be interpreted to mean that they could be discharged only for cause even though the words "for cause" did not appear in the statute. If these words would have been read into the statute by implication, the question is then presented as to whether or not the omission of them by the legislature from the provisions of Chapter 167, Laws of 1922, Chapter 245, Laws of 1926, and Chapter 110, Laws of 1930, would necessarily evidence an intention on the part of the legislature to grant arbitrary power.

In the case of a public officer, this Court said in the case of Yerger v. State, supra, where the statute designated the officer in question as an employee, that: "We will see that, in every instance where it was the intention of the Legislature to make a subordinate officer hold at the will or pleasure of the appointing power, it has said so." In that case the Court made the following quotation from the case of Hallgren v. Campbell, 82 Mich. 255, 46 N. W. 381, 9 L. R. A. 408, 410, 21 Am. St. Rep. 557:

"We have not found any case where an officer who was appointed for a fixed term, and when the power of removal was not expressly declared by law to be discretionary, where it has been held that an officer is removable, except for cause; and wherever cause must be assigned for removal of the officer he is entitled to notice and a chance to defend."

In the case of Ware v. State, supra, the Court rejected the contention that authority on the part of the State Board of Health to remove a county health officer "at any meeting" meant that it could remove such officer at will. This would seem to answer the contention of the appellant levee board that the power granted the board to discharge the attorney at any time should be construed to mean that he could be discharged at will and pleasure. It is true that the Court in that case was considering the right granted by Section 2490 of the Code of 1906 to remove a known public officer—county health officer—at any meeting of the board, but we are concerned here with the same principle insofar as the interpretation of language is concerned. If the right to remove "at any meeting" does not mean at will, then does it not follow that the right to discharge "at any time" would not give the power to discharge at will.

The Michigan Court in the Hallgren case, supra, said [82 Mich. 255, 46 N. W. 383, 9' L. R. A. 408, 21 Am. St. Rep. 557] : "We are not disposed to allow any presumption to aid the exercise of such arbitrary power. In such a case the legislature may by express words confer upon the common council of a city the power to remove an officer without cause; but in the absence of such power given in express words the presumption must be that the legislature intended that every officer appointed for a fixed period should be entitled to hold his office until the expiration of such period unless removed therefrom for cause after a fair trial."

It should be noted that the legislature in reenacting Chapter 152 of the Laws of 1918 and in omitting from

the statutes amendatory thereof hereinbefore mentioned the words "for cause" did not substitute in lieu thereof the words "without cause" or "at will." Moreover, wherever a power is granted to a public board to be exercised at its discretion, the grant should be construed to mean a legal and not an arbitrary discretion.

The appellant relies strongly on the case Oldham v. Board of Drainage Commissioners, 134 Miss. 652, 99 So. 675, 676, wherein L. E. Oldham had been employed and was discharged before his contract of employment expired as attorney for the Board of Drainage Commissioners for a period of one year at an annual salary of $2,000 under the provisions of Section 53, Chapter 197, Laws of 1912, which reads as follows: "The county board of drainage commissioners are authorized and empowered to employ attorneys, engineers and other necessary employees for the purpose of assisting them or the district drainage commissioners in the organization of any drainage district, and they are authorized and empowered to pay a reasonable compensation to such employees out of the funds of the district arising from the issuance of the certificates of indebtedness, sales of bonds or otherwise, and may remove or discharge all such employees at will."

In that case the Court further said that: "It will be noted that this section confers upon a drainage board the express authority to employ attorneys and to remove or discharge them at will, and by reason of this provision we think this board had the legal right to dispense with the services of appellant at any time." Moreover, the statute in question only authorized employment of attorneys to assist in the organization of the drainage district and did not fix the term of the employment. And a member of the board testified that: "The action was taken because some five or six lawyers were employed by the old board and I considered that would work a hardship on the taxpayers." In other words, the action of the

board was not shown to be arbitrary even though the power to discharge the attorney at will was granted.

It is next urged by the appellant, in support of its contention that the appellee was not an officer of the board, that it was not required that an attorney be employed. We are unable to agree with this contention for the reason that the legislature beginning with Chapter 160 of the Laws of 1910, if not earlier than that time, has seen fit to specify in each of the successive statutes that the engineer, attorney, secretary, and treasurer shall be required personally to discharge the duties of their employment as provided by Section 267 of the Constitution and has also prescribed by the provisions of Chapter 175 of the Laws of 1912 that their terms of office shall be for two years from the second Monday of July of even years. The appellee was so employed and it is to be presumed that his employment at the time and for the period specified was under and by virtue of the authority of that Act since it is the only statute called to our attention which prescribes the term of such office or employment. It was clearly contemplated by the legislature that an attorney should be employed since the law requires that certain duties, hereinbefore referred to, should be discharged by the attorney of the levee board.

In the case of Stokes v. Newell et al., 174 Miss. 629, 165 So. 542, it was held that a school teacher—a mere employee—employed by a municipal board of trustees for the term of 1933-34, at an annual salary of $1,600, payable monthly at the rate of $160 per month, could not be arbitrarily discharged, and the Court reversed the action of the lower court in sustaining a demurrer to a declaration filed against the trustees individually for the alleged tort committed by them in breaching their contract. It is true that they were not relying upon a statute giving them the right to discharge a teacher at any time, but as we have heretofore stated such a statute giving the right to a public board to discharge an employee at any time, when his term is fixed either by law or con-

tract, should be construed to mean for reasonable cause. In the case of Ekern v. McGovern, 154 Wis. 157, 142 N. W. 595, 627, 46 L. R. A., (N. S.), 796, 797, the Court emphasized the importance of that wise admonition: "The blessings of a free government can only be maintained by a firm adherence to justice, moderation, temperance, frugality, and virtue, and a frequent recurrence to fundamental principles;" and further said that, "There is no more important of such principles than the one that private rights should be guarded, so far as feasible, beyond even the possibility of arbitrary unjust interference. . . . 'It is a dangerous principle to imply power when it is not conferred by legislative authority in clear and distinct terms.' People ex rel. Brown v. Woodruff, 32 N. Y. 355."

What was said by the Court in the case of Ware v. State, supra, in construing section 2490, Code of 1906, giving the state board of health the right to remove a county health officer "at any meeting" of the board, and in holding that the provision, "simply means that the state board may exercise the power of removal for good or reasonable cause . . ."; and that "if this is not the meaning of that section giving the board the right to remove, then the other provision of the statute fixing the term of office at two years would mean nothing," should apply with equal force to the removal of the attorney for the levee board whose term of office or employment is fixed by statute at two years; and this without regard to whether he be an officer or an employee. The point decided was that authority to remove "at any meeting" did not mean "at will," while the point at issue in the case at bar is whether the language of chapter 110, Laws of 1930, giving the right to discharge the attorney for the levee board "at any time" means "at will." Nor does the fact that the court later held in the case of Mississippi State Board of Health v. Mathews, 113 Miss. 510, 74 So. 417, that the statute, section 2490 of the Code of 1906, was void, in undertaking to give the state

board of health such authority, change the fact that the Court, in Ware v. State, supra, rejected the contention that the power of removal "at any meeting" of the board meant that it could be done without cause.

But it is next urged by the appellant that no recovery can be had in this case for the reason that the levee board is limited under the law to the payment of $3,000 per annum as salary for an attorney; that the attorney who succeeded the appellee has been drawing this salary each month since July, 1939, and, therefore, that the public funds cannot be subjected to the expense of twice paying the salary. That eventuality should have addressed itself to the thought and consideration of the members of the Board who voted arbitrarily to discharge appellee at a time when he was advising them that they had no legal right to do so, and who have been voting to pay to the second attorney the salary due appellee. Moreover, the public is presumably protected in the premises if any illegal allowances have been made. Any recovery to which appellee may be entitled cannot be defeated by showing that the sum due him has been paid to someone else over his protest.

In our opinion the case of Stokes v. Newell, when here on its first appeal, as reported in 172 Miss. 289, 159 So. 540, 541, is not controlling on the particular point that the public fund may not be taxed for the payment of the salary here sued for. In that case Miss Stokes, a school teacher, brought suit by mandamus against the trustees of a municipal separate school district, after the school term had closed, to compel them to write an order to the city clerk to issue a warrant in her favor for her salary, and to compel the clerk to issue such warrant. The petition which was filed July 17, 1934, alleged that while she had no written contract to teach during the session of 1933-1934, she had been duly elected and had accepted the position, and became vested with a valuable right to teach and to receive the salary and compensation which the board of trustees had fixed for that session,

prior to the change in its personnel and her wrongful discharge. The Court held that in such case her right to teach could have been enforced by mandamus, or might have been protected by injunction to prevent the trustees from contracting with another, or to prevent the other from interfering with the teacher in the discharge of her duties, but that in order for a teacher to avail herself of such rights (by mandamus or injunction) some steps must be taken in that behalf before the expiration of the term, "so far as resorting to public funds is concerned." The meaning of the use of the words above quoted from that opinion, would present some difficulty in administering the relief sought in the case at bar, except for the fact that the Court cited, in support of the above conclusion, the case of Whitehurst v. Smith, 170 Miss. 535, 155 So. 683, and quoted therefrom as follows:

"Superintendent of education who refused to issue contract to principal legally elected for two years could not be compelled by mandamus instituted at end of two-year period to issue principal a pay certificate where principal had no contract and had not taught." And the Court further quoted from the decision in the case of Whitehurst v. Smith, supra, wherein it was said: "A teacher entitled to such a contract may compel it by mandamus if the action therefor is taken before the school term has expired. But appellant did not do this and did not teach. Certainly there cannot be compelled by mandamus the making of a contract for the doing of a thing which has become wholly impossible to perform by reason of the complete elapse, when the petition is filed, of the time within which performance is to be accomplished."

After the Court held that mandamus would not lie to collect the salary sued for, Miss Stokes brought suit against the school trustees in an action of tort for breach of duty in failing to enter the contract of her employment as a teacher, and for arbitrarily refusing to permit her to teach in the school after her election to the po-

sition and her acceptance thereof. The Court held that the trustees owed her the duty to reduce the contract to writing on the minutes, and the failure to do so was a breach of duty for which they became liable. Stokes v. Newell et al., 174 Miss. 629, 165 So. 542. The Court again expressly held that the rights of the appellant were controlled by Whitehurst v. Smith, supra, wherein it was held that a teacher, having no contract, could not resort to the public funds, but may recover of him whose fault resulted in the failure to obtain a contract.

If we have thus correctly stated the issues involved in the two Stokes cases, respectively, it will be readily seen that the appellee, Kellner, whose contract was of record, cannot be denied recovery under the principles therein announced. It is not contended that he would be entitled to recover against the public and its funds, in the absence of an order in the minutes of the Levee Board electing him as attorney for a fixed period and at a fixed compensation.

Nor does the case of Board of Supervisors v. Payne, 175 Miss. 12, 166 So. 332, holding that a county cannot be sued for breach of contract, where no part of the same is performed, etc., have any application here for the reason that the appellee had a two year contract and rendered the services contemplated during slightly more than one-half of the period contracted for.

After having been discharged on July 10, 1939, appellee promptly instituted quo warranto proceedings to regain the attorneyship for the remainder of the term for which he had been elected by the appellant Levee Board, but soon thereafter a non-suit was taken, and the present suit was brought to recover the entire salary for the remaining year. However, the court below limited the recovery to the portion thereof which had accrued up to the time of the trial, and peremptorily instructed the jury to find, accordingly, in his favor.

The Payne case, supra, is discussed briefly in Wunderlich v. State Highway Commission, 183 Miss. 428, 184 So.

456, and its distinguishing feature heretofore mentioned is therein emphasized. And what is said in the Wunderlich case, supra, as to the right of a contractor to sue the State Highway Commission for damages on account of a breach of an obligation legally incurred by it, is also applicable in the case at bar on the right of appellee to sue for the damages sustained.

Finally, it is urged that a public corporation, such as the Levee Board, can only be sued at the place, and in the court, and on the conditions, provided for by statute, and is not liable to be sued at all unless such place and conditions, and the method and manner of obtaining service of process shall have been prescribed by statute.

As to the absence of a statute prescribing the venue of a suit against such a public corporation, the same is true of suits against municipalities, but we held in the recent case of City of Jackson v. Wallace, 196 So. 223, 189 Miss. 252, decided on May 20, 1940, that in the absence of a statute clearly prescribing the venue of a suit against a municipality the common law would prevail, which fixes the venue at the place of domicil.

We think it clear under the law that the Levee Board may sue and be sued, plead and be impleaded, contract and be contracted with, in and about the things committed by law to its jurisdiction. It had the right, under the statutes hereinbefore discussed, to contract with an attorney, and to fix his compensation for the two-year period covered by his tenure of office or employment. And having the right to make the contract, recovery may be had thereon for damages for a breach thereof, as held in the Wunderlich case, supra, as to contracts of the State Highway Commission. We find naught to the contrary in State v. Woodruff, 170 Miss. 744, 150 So. 760, cited by appellant.

We cannot consider the cross-assignment of error taken by the appellee, without an appeal bond, to the action of the court below in sustaining the demurrer of certain individual members of the Levee Board to his

declaration, for the reason that he neither plead further as to them after the demurrer was sustained, nor prosecuted an appeal as required by law. They are neither before this Court as appellants, nor as appellees, pursuant to any process. Trolio v. Nichols, 160 Miss. 611, 132 So. 750, 133 So. 207. Compare Culpepper v. Holmes et al., 170 Miss. 235, 154 So. 726; Planters' Lumber Co. v. Plumbing Wholesale Co., 181 Miss. 782, 180 So. 793; Buckley v. United Gas Public Service Co., 176 Miss. 282, 168 So. 462. After this demurrer was sustained the appellee filed an amended declaration against the appellant Levee Board alone, and thus the case proceeded to final judgment.

It follows from the views expressed on the several issues involved that the judgment of the court below must be affirmed as rendered.

Affirmed.