SMITH, Justice.
George Clifton Miles has appealed from a judgment of the Circuit Court of Madison County sustaining appellee’s demurrer to his petition for a Writ of Mandamus. The question here is whether the petition was sufficient to show a right in Miles to have the writ issue to require appellee, Madison County Superintendent of Education, to issue a pay certificate for salary due him as principal of the Flora Attendance Center under his contract with the Madison County School District.
This case is a sequel to Madison County Board of Education v. George Clifton Miles, 173 So.2d 425 (Miss.1965), decided by this Court on April 4, 1965. The opinion in that case contains a statement of the factual background which will not be repeated here.
In the former case, Miles, the Madison County Board of Education, and the Madison County Superintendent of Education were parties, and all issues relating to appellant’s contract and right to reinstatement were finally determined. The decree of the Chancery Court of Madison County ordering appellant’s reinstatement and the judgment of this Court in the 1965 case affirming that decree are made exhibits to the petition.
The contract term has expired since the filing of the petition, and the sole question remaining for determination on this appeal is, were the facts stated in the petition sufficient, on demurrer, to show a present right in Miles to the issuance of the writ of mandamus to enforce payment of his salary, an incident to the contract upheld in the former case.
*871 In the 1965 case, this Court held that Miles had been ousted wrongfully from his contract position as principal of the Flora Attendance Center of Madison County School District and was entitled to reinstatement. This necessarily carried with it, as an incident of the contract, the right of Miles to be paid his salary by the Madison County School District. Following his ouster, there was an inevitable lapse of time during which Miles pursued his remedy by appeal, and later in the courts, which finally resulted in the vindication of his right to reinstatement. This delay was in no way the fault of Miles, but due to this lapse of time, most of the contract period expired before the final decision in the case and receipt of the mandate of this Court in the court below. When that event occurred, the petition in the present case was filed, without undue delay, and before the final expiration of the contract term. This term has since ended, and appellant was unable to resume his position in fact, despite the order of reinstatement, not through his fault but because he was prevented.
The petition contains a full statement of the facts, and exhibits copies of all of the relevant documents, decrees, and judgments in the former case which resulted in a final judicial determination that Miles was entitled to reinstatement to his contract position as principal of the Flora Attendance Center.
The allegations of fact, together with the exhibits thereto, as admitted by the demurrer, are sufficient to show a present right in appellant to the writ of mandamus as prayed for in the petition. The Madison County Superintendent of Education, appel-lee here, is the official charged with the ministerial duty of issuing pay certificates. Mandamus is the appropriate remedy, there being no other speedy, adequate or complete remedy at law, whereby Miles can enforce his right to payment of his salary under the contract. Ladner v. Talbert, 121 Miss. 592, 83 So. 748 (1920). See also Cheatham v. Smith, 229 Miss. 803, 92 So.2d 203 (1957).
Appellee, the Superintendent of Education, has advanced several arguments in support of the position he has adopted in declining to pay appellant, the net effect of which would be to require Miles to begin all over again and to bear the consequence of the wrongful act, with respect to which he was the aggrieved and innocent party.
To do so would be a denial of justice and necessitate the relitigation of the issues already decided. This is not required. Litigation must end, and the questions now sought to be raised by appellee were foreclosed and finally laid to rest in Madison County Board of Education v. Miles, supra. The decision of this Court in that case contains the controlling law of the case now before us. There remains only the ministerial act, to be performed by the Madison County Superintendent of Education, of issuing to Miles a pay certificate for his salary under the contract, the exact amount due to be determined by the trial judge.
In the former case, it was held that Miles was entitled to reinstatement as of the time of his wrongful ouster. It is immaterial on this appeal that another person may have been placed in Miles’ position, or that a salary was paid to such person. Board of Miss. Levee Com’rs v. Kellner, 189 Miss. 232, 233, 196 So. 779 (1940).
The obligations of the Madison County. School District under its contract with Miles have become fixed and are no longer open to question. The reinstatement ordered in the former case related back to the time of Miles’ wrongful discharge from his position and had the effect' of reversing and setting aside the action of the school authorities and restoring Miles in all respects to his rights under the contract, just as if he had never been discharged. The unauthorized ouster of Miles was nullified by the chancery court decree, as affirmed by this Court. The judgment *872 in that case is sufficient warrant for the issuance of the pay certificate to Miles by the County Superintendent of Education.
The allegations of fact contained in the petition, together with the exhibits, are sufficient to show a present right in Miles to the relief sought, and the demurrer should have been overruled. Payment of Miles’ salary became a fixed obligation of Madison County School District under the decree affirmed in Madison County Board of Education v. Miles, supra. That decision has the force and effect of a final judgment, and the payment of the certificate, when ordered to issue, should be required to be made forthwith, from the first money which may become available to the district, exclusive of bond and interest sinking funds.
The case is reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
All Justices concur.