MORRIS *v.* ROBERTSON, COUNTY SUPERINTENDENT OF EDUCATION.

(In Banc.  Oct. 28, 1940.)

[198 So. 290.  No. 34255.]

**Jack H. Ewing**, of Liberty, for appellant.

**J. T. Lowrey,** of Gloster, and **Gordon & Gordon,** of Liberty, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This suit was brought by the appellant to compel the appellee, by mandamus, as county superintendent of edu-

cation, to issue to him a pay certificate for services rendered as superintendent of the Gillsburg Consolidated School in Amite County for the month of January, 1940. It appears that the appellee had entered upon the duties of his office on the first day of that month as the successor in office of J. N. Steele, who had, prior to the beginning of the scholastic year of 1939-1940, agreed with the trustees of the said consolidated school that he would pay to the appellant a salary of $120 per month for said scholastic session, and with the oral understanding that he would increase the salary thus contracted for if he should later find that the available funds for the scholastic year were sufficient to enable him to do so, but the amount of the proposed increase was not specified. The salary was regularly paid at the rate of $120 per month for the months of September, October, November and December, 1939.

On December 30, 1939, the outgoing superintendent issued to the appellant an additional pay certificate for the sum of $156.24, which recited that the same was for services rendered by him for the first, second, third and fourth months of the term. At the end of the month of January, 1940, the appellee declined to issue a pay certificate covering services rendered for that month, and he assigns as a reason for his refusal to do so the fact that the appellant had been paid the $156.24 in excess of the salary contracted for during the preceding months of the term.

Sub-section 10 of Section 6570 of the Code of 1930 requires that a county superintendent of education shall file with the chancery clerk, before issuing any pay certificate for the current term, a list of all of the teachers employed in the county, and the monthly salary of each, as shown by the contract made with each of them; and Section 6571 of the Code of 1930 requires that such county superintendents "shall fix the salaries of teachers so that the amount to be paid in salaries and other expenses for maintaining all the schools for one month shall not ex-

ceed that fractional part of the whole school fund which one month is of the whole number of months the schools are taught.''

It is the contention of the appellant that the appellee had no right to inquire into the acts of his predecessor in office so as to question the appellant's right to the $156.24 for services rendered prior to the beginning of appellee's tenure of office, so as to offset the same against any salary that might have become due for services thereafter performed. But, be that as it may, the appellant cannot invoke the remedy of mandamus without showing a clear right to that particular relief. At the time he filed his petition in the premises, he had received the $156.24 in controversy in excess of any specified amount of salary theretofore contracted for in so far as the public records were concerned, and hence the issuance of the certificate therefor in his favor was unauthorized and illegal. He could not retain the proceeds thereof as against the county and at the same time compel its superintendent of education by mandamus to issue to him the additional certificate prayed for as an obligation of the county. While the writ of mandamus is a remedy at law, the right to such relief is governed by equitable principles, and the court will not use this extraordinary process in aid of the petitioner unless it clearly appears that it would be equitable to do so.

Aside from the fact that no definite amount of increase in salary was ever agreed upon with the school trustees and appellee's predecessor in office, and that there was no notation of record showing any agreement to pay more than $120 per month, the proof disclosed that when the issuance of the pay certificate for the month of January, 1940, was demanded, the appellee was confronted with a probable deficit in the school funds for the scholastic year and with the resultant necessity of reducing salaries before the end of the term in order to keep within the budget allowed, as required by law. He could not have been compelled by mandamus under such circumstances

to issue certificates in excess of a salary at the rate of $120 per month for the entire scholastic year—the only amount definitely and legally contracted for within the meaning of chapter 163 of the Code of 1930 and chapter 255 of the Laws of 1936. It was held in the case of Whitehurst v. Smith, 170 Miss. 535, 155 So. 683, that under the requirements of Section 6610 of the Code of 1930, "it is an essential prerequisite to the issuance of a teacher's pay certificate that the teacher in a consolidated school shall have a legal contract with the superintendent of education." That section expressly provides, among other things, that "it shall be unlawful to issue a certificate for services rendered before the contract is made and signed." There are certain exceptions to this positive requirement of the statute, but those exceptions do not obtain here.

Although it appears in the case before us that the appellant may have been unwilling to accept the position as principal of the school for the scholastic year 1939-1940, except for the oral agreement that he should receive an increase in salary above the $120 per month, definitely specified, if the funds available should be sufficient for that purpose, and that he relied upon such agreement in good faith, nevertheless it will be readily seen that the agreement for such increase was invalid and unenforceable against the county for the reason, first, that it rested entirely in parol, and, second, it was void for uncertainty in that the amount of the extra compensation to be paid was not specified before the services were rendered.

Therefore, we are of the opinion that the proof failed to establish a right to the relief sought.

Affirmed.